1  THOMAS A. WOODS (SB #210050)
   tawoods@stoel.com
2  BRYAN L. HAWKINS (SB #238346)
   blhawkins@stoel.com
3  STOEL RIVES LLP
   500 Capitol Mall, Suite 1600
4  Sacramento, CA  95814
   Telephone:  (916) 447-0700
5  Facsimile:  (916) 447-4781

6  Attorneys for Defendants
   SELECT PORTFOLIO SERVICING, INC.; THE
7  BANK OF NEW YORK MELLON FKA THE
   BANK OF NEW YORK, AS TRUSTEE FOR THE
8  CERTIFICATEHOLDERS CWALT, INC.
   ALTERNATIVE LOAN TRUST 2005-62
9  MORTGAGE PASS-THROUGH CERTIFICATES,
   SERIES 2005-62; AND MORTGAGE
10 ELECTRONIC REGISTRATION SYSTEMS, INC.

11                 UNITED STATES DISTRICT COURT

12                NORTHERN DISTRICT OF CALIFORNIA

13                      SAN JOSE DIVISION

14
   FAREED SEPEHRY-FARD,                    Case No. 5:14-CV-05142-LHK-NC
15
                 Plaintiff,                **NOTICE OF MOTION AND MOTION
16                                          TO DISMISS BY DEFENDANTS
          v.                                SELECT PORTFOLIO SERVICING,
17                                          INC., THE BANK OF NEW YORK
   SELECT PORTFOLIO SERVICING, INC.;        MELLON FKA THE BANK OF NEW
18 COUNTRYWIDE HOME LOANS, INC.             YORK, AS TRUSTEE FOR THE
   RECONTRUST COMPANY, N.A.                 CERTIFICATEHOLDERS CWALT,
19 THE BANK OF NEW YORK MELLON FKA          INC. ALTERNATIVE LOAN TRUST
   THE BANK OF NEW YORK AS TRUSTEE          2005-62 MORTGAGE PASS-
20 FOR THE CERTIFICATEHOLDERS               THROUGH CERTIFICATES, SERIES
   CWALT, INC. ALTERNATIVE LOAN             2005-62, AND MORTGAGE
21 TRUST 2005-62 MORTGAGE PASS-             ELECTRONIC REGISTRATION
   THROUGH CERTIFICATES, SERIES 2005-       SYSTEMS, INC.; MEMORANDUM OF
22 62; MORTGAGE ELECTRONIC                  POINTS AND AUTHORITIES**
   REGISTRATION SYSTEMS, INC. and DOES
23 1 THROUGH 50,                            *Fed. R. Civ. Proc. 12(b)(1), 12(b)(6), and
                                            12(e)*
24               Defendants.
                                            Date:      May 28, 2015
25                                          Time:      1:30 p.m.
                                            Courtroom: 8, 4th Floor
26                                          Judge:     Lucy H. Koh
                                            Action Filed: November 20, 2014
27

28

TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................ iii

NOTICE OF MOTION ...................................................................................................... I

MEMORANDUM OF POINTS AND AUTHORITIES ........................................................ 1

I.     INTRODUCTION ...................................................................................................... 1

II.    SUMMARY OF RELEVANT FACTS AND PROCEDURAL HISTORY ...................... 2

       A.     Relevant Facts Pled In The Complaint Or Revealed By The Public Record .......... 2

       B.     Procedural History .......................................................................................... 2

III.   ARGUMENT ............................................................................................................ 3

       A.     The Complaint Should Be Dismissed Under Fed. R. Civ. P. 12(b)(1)
              Because It Is Barred By Res Judicata ................................................................ 3

              1.     Res Judicata Standard ............................................................................ 3

              2.     The Complaint Is Barred ........................................................................ 3

       B.     Alternatively, Plaintiff Should Be Ordered To Provide A More Definite
              Statement Under Fed. R. Civ. P. 12(e) .............................................................. 5

       C.     Alternatively, The Complaint Should Be Dismissed Under Fed. R. Civ. P.
              12(b)(6) ........................................................................................................... 7

              1.     Standard For Dismissal Under Rule 12(b)(6) .......................................... 7

              2.     All Of Plaintiff's Claims Are Based On Legal Contentions
                     Previously Rejected By California Courts ................................................ 7

                     a.     California Courts Have Rejected Plaintiff's "Show Me The
                            Note" Theory .............................................................................. 8

                     b.     California Courts Have Rejected Plaintiff's Securitization
                            Theory ........................................................................................ 8

                     c.     California Courts Have Rejected Plaintiff's
                            Unsubstantiated "Robo-Signing" Theory ...................................... 9

                     d.     The Complaint Lacks Specificity For Fraud-Based Claims .......... 10

              3.     The First Cause Of Action Should Be Dismissed .................................... 11

              4.     The Second Cause Of Action Should Be Dismissed ................................ 11

              5.     The Third And Thirty-First Causes Of Action Should Be
                     Dismissed ............................................................................................. 12

              6.     The Fourth Cause Of Action Should Be Dismissed ................................ 13

              7.     The Fifth, Sixth, Seventh, Eighth, And Ninth Causes Of Action
                     Should Be Dismissed ............................................................................. 14

              8.     The Tenth Cause Of Action Should Be Dismissed .................................. 16

              9.     The Eleventh Cause Of Action Should Be Dismissed .............................. 17

              10.    The Twelfth, Seventeenth, Eighteenth, Nineteenth, Twenty-First,
                     Twenty-Fifth, And Thirty-Second Causes Of Action Should Be
                     Dismissed ............................................................................................. 18

              11.    The Thirteenth Cause Of Action Should Be Dismissed .......................... 18

12.    The Fourteenth Cause Of Action Should Be Dismissed ........................... 19

13.    The Sixteenth Cause Of Action Should Be Dismissed ............................ 19

14.    The Twentieth Cause Of Action Should Be Dismissed ........................... 19

15.    The Twenty-First, Twenty-Second, And Twenty-Third Causes Of Action Should Be Dismissed ................................................................ 20

16.    The Twenty-Sixth, Twenty-Seventh, Twenty-Eighth, and Twenty-Ninth Causes Of Action Should Be Dismissed Because They Do Not Constitute Valid Causes of Action ................................................... 20

17.    The Thirtieth Cause Of Action For Quiet Title Should Be Dismissed ................................................................................................ 21

     a.    Plaintiff Must Repay the Debt ...................................................... 21

     b.    Plaintiff Does Not State A Valid Basis On Which To Quiet Title ............................................................................................... 21

IV.    CONCLUSION ................................................................................................ 22

TABLE OF AUTHORITIES

Page(s)

**Cases**

*A.G. Edwards & Sons, Inc. v. Smith,*
    736 F. Supp. 1030 (D. Ariz. 1989)..................................................................................6

*Anderson v. Dist. Bd. of Trs.,*
    77 F.3d 364 (11th Cir. 1996)..........................................................................................6

*Armstrong v. Young,*
    No. 2:12-cv-1023, 2013 WL 3289035 (E.D. Cal. June 28, 2013) ..................................3

*Aubert v. Am. Gen. Fin., Inc.,*
    137 F.3d 976 (7th Cir. 1998)........................................................................................14

*Bardin v. Daimlerchrysler Corp.,*
    136 Cal. App. 4th 1255 (2006).....................................................................................12

*Barnes v. Homeward Residential, Inc.,*
    No. 13-3227, 2013 WL 5217393 (N.D. Cal. Sept. 17, 2013) ........................................4

*Barsella v. United States,*
    135 F.R.D. 64 (S.D.N.Y. 1991) ......................................................................................6

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007)..............................................................................................5, 6, 7

*Bennett v. Wells Fargo Bank, N.A.,*
    No. CV 13-01693, 2013 WL 4104076 (N.D. Cal. Aug. 9, 2013)............................9, 10

*Betancourt v. Countrywide Home Loans, Inc.,*
    344 F. Supp. 2d 1253 (D. Colo. 2004) .........................................................................18

*Bureerong v. Uvawas,*
    922 F. Supp. 1450 (C.D. Cal. 1996) ..............................................................................5

*Cantu v. Resolution Trust Corp.,*
    4 Cal. App. 4th 857 (1992)............................................................................................2

*Casey v. U.S. Bank Nat'l Ass'n,*
    127 Cal. App. 4th 1138 (2005)....................................................................................20

*Cochran v. Cochran,*
    65 Cal. App. 4th 488 (1998).........................................................................................18

*Consumer Def. Grp. v. Rental Hous. Indus. Members,*
    137 Cal. App. 4th 1185 (2006).....................................................................................13

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

*In re Davies,*
565 F. App'x 630 (9th Cir. 2014) ...................................................................................9

*De Jesus Vega v. Saxon Mortg. Servs.,*
No. 08-CV-2194-IEG (CAB), 2009 U.S. Dist. LEXIS 22791 (C.D. Cal. Mar.
16, 2009) ......................................................................................................................14

*Debrunner v. Deutsche Bank Nat'l Trust Co.,*
204 Cal. App. 4th 433 (2012)........................................................................................8

*Dick v. Am. Home Mortg. Servicing, Inc.,*
No. CIV. 2:13-00201 WBS, 2013 WL 5299180 (E.D. Cal. Sept. 18, 2013) ...............9

*Drum v. San Fernando Valley Bar Ass'n,*
182 Cal. App. 4th 247 (2010) .....................................................................................12

*Durell v. Sharp Healthcare,*
183 Cal. App. 4th 1350 (2010) ...................................................................................20

*Edwards v. Arthur Andersen LLP,*
44 Cal. 4th 937 (2008) ................................................................................................18

*Eldridge v. Block,*
832 F.2d 1132 (9th Cir. 1987).......................................................................................6

*Flores v. Emerich & Fike,*
416 F. Supp. 2d 885 (E.D. Cal. 2006) .........................................................................15

*Fontenot v. Wells Fargo Bank, N.A.,*
198 Cal. App. 4th 256 (2011) .......................................................................................2

*Gaxiola v. City of Los Angeles,*
No. CV 10-6632, 2011 U.S. Dist. LEXIS 75569, at *2-3 (C.D. Cal. July 13,
2011) ............................................................................................................................17

*Ghosh v. Uniti Bank,*
566 F. App'x 596 (9th Cir. 2014) ................................................................................15

*Glaski v. Bank of America, N.A.,*
218 Cal. App. 4th 1079 (2013)......................................................................................8

*Graham-Sult v. Clainos,*
756 F.3d 724 (9th Cir. 2014).......................................................................................20

*Hummer v. EMC Mortg. Corp.,*
No. CIV S-10-1690, 2011 U.S. Dist. LEXIS 55838 (E.D. Cal. May 23, 2011) .........19

*Ileto v. Glock Inc.,*
349 F.3d 1191 (9th Cir. 2003).......................................................................................7

*Javaheri v. JPMorgan Chase Bank, N.A.*,
   No. 2:10–CV–08185–ODW, 2012 WL 3426278 (C.D. Cal. Aug. 13, 2012)..........................10

*Jefferson v. City of Fremont*,
   No. C-12-0926, 2013 U.S. Dist. LEXIS 58248 (E.D. Cal. Apr. 23, 2013).........................16, 17

*Jenkins v. JP Morgan Chase Bank, N.A.*,
   216 Cal. App. 4th 497 (2013)...............................................................................................8, 9

*Kan v. Guild Mortg. Co.*,
   230 Cal. App. 4th 736 (2014)...................................................................................................8

*Karim-Panahi v. L.A. Police Dep't*,
   839 F.2d 621 (9th Cir. 1988).....................................................................................................6

*Korea Supply Co. v. Lockheed Martin Corp.*,
   29 Cal. 4th 1134 (2003) ..........................................................................................................12

*Krantz v. BT Visual Images, L.L.C.*,
   89 Cal. App. 4th 164 (2001)....................................................................................................13

*Landucci v. State Farm Ins. Co.*,
   No. 5:14-cv-00789-LHK, 2014 WL 3705117 (N.D. Cal. July 23, 2014)...............................18

*Lindsey v. SLT L.A., LLC*,
   447 F.3d 1138 (9th Cir. 2006)...........................................................................................16, 17

*Lukovsky v. City & Cnty. of San Francisco*,
   535 F.3d 1044 (9th Cir. 2008).................................................................................................17

*McGlinchy v. Shell Chem. Co.*,
   845 F.2d 802 (9th Cir. 1988).....................................................................................................7

*McHenry v. Renne*,
   84 F.3d 1172 (9th Cir. 1996).....................................................................................................6

*Mendoza v. City of Los Angeles*,
   66 Cal. App. 4th 1333 (1998)..................................................................................................11

*Miller v. JP Morgan Chase Bank N.A.*,
   No. 5:13-CV-03192-EJD, 2014 U.S. Dist. LEXIS 110038 (N.D. Cal. Aug. 8,
   2014) .........................................................................................................................................9

*Miller v. Provost*,
   26 Cal. App. 4th 1703 (1994)..................................................................................................21

*Moore v. Schneider*,
   196 Cal. 380 (1925) ................................................................................................................21

*Mpoyo v. Litton Electro-Optical Sys.*,
    430 F.3d 985 (9th Cir. 2005).................................................................................3, 4

*Nastrom v. New Century Mortg. Corp.*,
    No. 1:11CV01998 DLB, 2012 WL 2090145 (E.D. Cal. June 8, 2012) ......................9

*Neitzke v. Williams*,
    490 U.S. 319 (1989)...................................................................................................7

*Noll v. eBay, Inc.*,
    282 F.R.D. 462 (N.D. Cal. 2012).............................................................................10

*Nymark v. Heart Fed. Sav. & Loan Ass'n*,
    231 Cal. App. 3d 1089 (1991)............................................................................11, 12

*Olszewski v. Scripps Health*,
    30 Cal. 4th 798 (2003) .............................................................................................12

*Orzoff v. Bank of Am., N.A.*,
    No. 2:10–CV–2202 JCM GWF, 2011 WL 1539897 (D. Nev. Apr. 22, 2011) ........10

*Pantoja v. Countrywide Home Loans, Inc.*,
    640 F. Supp. 2d 1177 (N.D. Cal. 2009) ...................................................................8

*Park v. Wachovia Mortg., FSB*,
    No. 10cv1547 WQH (RBB), 2011 U.S. Dist. LEXIS 113011 (S.D. Cal. Sept.
    30, 2011) .................................................................................................................14

*Perryman v. Litton Loan Servicing, LP*,
    No. 14-cv-02261-JST, 2014 U.S. Dist. LEXIS 140479, at *48 (N.D. Cal. Oct.
    1, 2014) ...................................................................................................................12

*Pettit v. Retrieval Masters Creditor Bureau, Inc.*,
    211 F.3d 1057 (7th Cir. 2000)..................................................................................14

*Phiffer v. Proud Parrot Motor Hotel, Inc.*,
    648 F.2d 548 (9th Cir. 1980).....................................................................................17

*Pollice v. Nat'l Tax Funding, L.P.*,
    225 F.3d 379 (3d Cir. 2000)......................................................................................14

*Reyes-Aguilar v. Bank of Am., N.A.*,
    No. 13-cv-05764-JCS, 2014 U.S. Dist. LEXIS 37036 (N.D. Cal. Mar. 20,
    2014) .......................................................................................................................15

*Rivac v. Ndex W. LLC*,
    No. 13-cv-1417-PJH, 2013 WL 6662762 (N.D. Cal. Dec. 17, 2013)........................9

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

5:14-CV-05142-LHK-NC

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

*Robertson v. Dean Witter Reynolds, Inc.*,
    749 F.2d 530 (9th Cir. 1984)................................................................................7

*Robinson v. Countrywide Home Loans, Inc.*,
    199 Cal. App. 4th 42 (2011).................................................................................8

*Rosenfeld v. JPMorgan Chase Bank, N.A.*,
    732 F. Supp. 2d 952 (N.D. Cal. 2010) ...............................................................21

*Rossberg v. Bank of Am., N.A.*,
    219 Cal. App. 4th 1481 (2013).............................................................................8

*Ruiz v. Wells Fargo Bank, N.A.*,
    No. CV-13-1114, 2013 WL 1235841 (C.D. Cal. Mar. 27, 2013)........................21

*Saunders v. Superior Court*,
    27 Cal. App. 4th 832 (1994)...............................................................................12

*Shepherd v. Am. Home Mortg. Servs., Inc.*,
    No. 2:09-1916 WBS GGH, 2009 WL 4505925 (E.D. Cal. Nov. 20, 2009) ...........11

*Shimpones v. Stickney*,
    219 Cal. 637 (1934) ...........................................................................................21

*Sparling v. Hoffman Constr. Co.*,
    864 F.2d 635 (9th Cir. 1988)................................................................................6

*Tahoe-Sierra Preservation Council, Inc. v. Tahoe Reg'l Planning Agency*,
    322 F.3d 1064 (9th Cir. 2003)..............................................................................4

*Tavares v. Nationstar Mortg. LLC*,
    No. 14cv216-WQH-NLS, 2014 U.S. Dist. LEXIS 95537 (S.D. Cal. July 14,
    2014) .....................................................................................................................9

*Taylor v. Regents of Univ. of Cal.*,
    993 F.2d 710 (9th Cir. 1993)..............................................................................17

*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003).............................................................................10

*Wenzoski v. Citicorp*,
    480 F. Supp. 1056 (N.D. Cal. 1979) ...................................................................19

*Wong v. Bell*,
    642 F.2d 359 (9th Cir. 1981)................................................................................6

*Zacharias v. JP Morgan Chase Bank, N.A.*,
    2013 U.S. Dist. LEXIS 20258 (N.D. Cal. Feb. 13, 2013).......................................15

*Zapata v. Wells Fargo Bank, N.A.*,
    No. C 13-04288 WHA, 2013 U.S. Dist. Lexis 173187 (N.D. Cal., Dec. 10,
    2013) ............................................................................................................. 9

**Statutes**

12 U.S.C. § 2605(e)(1)(A) ................................................................................. 19

12 U.S.C. § 2605, *et seq.* ................................................................................. 19

15 U.S.C. § 78AA .............................................................................................. 21

15 U.S.C. §§ 1601-1667 ................................................................................... 18

15 U.S.C. § 1640(e) ........................................................................................... 18

15 U.S.C. §§ 1692d-1692f ................................................................................ 14

15 U.S.C. § 1692k(d) ........................................................................................ 13

18 U.S.C § 1341 ................................................................................................ 19

18 U.S.C § 1961 ................................................................................................ 19

18 U.S.C. § 1962, *et seq.* ........................................................................... 14, 15

42 U.S.C. § 1981 .......................................................................................... 16, 17

42 U.S.C. § 1981(a) ........................................................................................... 16

42 U.S.C. § 1982 ............................................................................................... 17

Cal. Bus. & Prof. Code § 17200 ....................................................................... 12

Cal. Bus. & Prof. Code § 17204 ....................................................................... 12

Cal. Bus & Prof. Code § 17208 ........................................................................ 13

Cal. Civ. Proc. Code § 335.1 ............................................................................ 11

Cal. Civ. Proc. Code § 761.010(b) .................................................................... 21

Civil Code § 2924, *et seq.* ................................................................................. 8

**Rules**

Fed. R. Civ. P. 8(a)(2) .................................................................................... 5, 6

Fed. R. Civ. P. 9 ................................................................................................ 15

Fed. R. Civ. P. 9(b) ..................................................................................... 10, 15

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

viii

5:14-CV-05142-LHK-NC

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Fed. R. Civ. P. 12(b)(1).............................................................................................3

Fed. R. Civ. P. 12(b)(6)......................................................................................1, 2, 7

Fed. R. Civ. P. 12(e)............................................................................................5, 6

**Regulations**

12 C.F.R. § 226.2(a)(13)......................................................................................18

**Other Authorities**

5 C. Wright & A. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) ...........................7

1   **TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

2        PLEASE TAKE NOTICE that on May 28, 2015, at 1:30 p.m., or as soon thereafter as the

3   matter may be heard before the Honorable Lucy H. Koh in Courtroom 8—4th Floor of the United

4   States District Court for the Northern District of California, located at 280 South First Street, San

5   Jose, California 95113, Defendants Select Portfolio Servicing, Inc., The Bank of New York

6   Mellon fka The Bank of New York, as Trustee for the Certificateholders CWALT, Inc.

7   Alternative Loan Trust 2005-62 Mortgage Pass-Through Certificates, Series 2005-62, and

8   Mortgage Electronic Registration Systems, Inc. (collectively, "Defendants") will and hereby do

9   move this Court for an order dismissing the Complaint of Plaintiff Fareed Sepehry-Fard

10  ("Plaintiff" or "Sepehry-Fard").

11        Defendants bring this motion pursuant to Fed. R. Civ. P. 12(b)(1), on the ground that the

12  entire Complaint is barred by the doctrine of res judicata, in that Plaintiff litigated the same or

13  similar issues against the same Defendants in Case No. 5:12-CV-01260-LHK, which resulted in a

14  judgment on the merits in August 2013, which the Ninth Circuit affirmed on December 18, 2014.

15        Defendants also bring this motion pursuant to Fed. R. Civ. P. 12(b)(6), on the grounds that

16  Plaintiff's Complaint fails to state any claims on which relief can be granted

17        Defendants also bring this motion pursuant to Fed. R. Civ. P. 12(e), on the ground that the

18  Complaint is so vague and ambiguous that Defendants cannot reasonably prepare a response.

19        This motion is based on this notice of motion and motion, the accompanying

20  memorandum of points and authorities, the request for judicial notice, the Complaint, the records

21  on file in this action, and any further briefs, evidence, authorities, or argument presented at or

22  before the hearing of this motion.

23

24

25

26

27

28

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

1                                5:14-CV-05142-LHK-NC

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

78050095.4 0052161- 02106

1   DATED:  January 29, 2015

2                                                STOEL RIVES LLP

3

4                                                By: /s/ Thomas A. Woods
5                                                    THOMAS A. WOODS
                                                     BRYAN L. HAWKINS
6                                                    Attorneys for Defendants
                                                     SELECT PORTFOLIO SERVICING, INC.;
7                                                    THE BANK OF NEW YORK MELLON FKA
                                                     THE BANK OF NEW YORK, AS TRUSTEE
8                                                    FOR THE CERTIFICATEHOLDERS
                                                     CWALT, INC. ALTERNATIVE LOAN
9                                                    TRUST 2005-62 MORTGAGE PASS-
                                                     THROUGH CERTIFICATES, SERIES 2005-
10                                                   62; AND MORTGAGE ELECTRONIC
                                                     REGISTRATION SYSTEMS, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

II                              5:14-CV-05142-LHK-NC

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

78050095.4 0052161- 02106

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Plaintiff Fareed Sepehry-Fard ("Plaintiff"), proceeding *pro se*, seeks to obtain millions of dollars and to avoid enforcement of the Deed of Trust ("DOT") encumbering real property located at 18314 Baylor Avenue, Saratoga, CA 95070 (the "Property"). The prolix Complaint accuses Defendants of "murder," and is premised on the flawed theory that Defendants lack authority to foreclose. The trouble is, Plaintiff has already brought (and lost) this action on multiple prior occasions. He first brought the action in Santa Clara County Superior Court as Case No. 1-11-CV-210028. Several months later, he brought Northern District Case No. 5:12-CV-01260-LHK. Each of those actions resulted in a judgment on the merits against Plaintiff. Undeterred, Plaintiff has brought this action a fourth[1] time against precisely the same Defendants. The entire action, however, is now barred by the doctrine of res judicata.

Even if not barred by res judicata, however, the case should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief can be granted. Specifically, Plaintiff's central theory is that Defendants cannot "prove" they have authority to enforce the DOT, and he denies he obtained the loan the DOT secures. But California courts have time and again rejected the theory that a party must prove its authority before foreclosing, and securitization of a loan does not render the deed of trust unenforceable. Moreover, and even assuming the Court is inclined to give Plaintiff the benefit of the doubt, the Court should order him to provide a more definite statement of his claims.

For each of the foregoing reasons, the latest of Plaintiff's foreclosure-delay actions should be dismissed.

---

[1] On December 12, 2013, Plaintiff filed another action against Defendants in Case No. 5:13-CV-05769. On June 13, 2014, the Honorable Beth Labson Freeman issued an Order dismissing the action for lack of subject matter jurisdiction.

1    II.     SUMMARY OF RELEVANT FACTS AND PROCEDURAL HISTORY

2    A.      Relevant Facts Pled In The Complaint Or Revealed By The Public Record

3           The Complaint alleges few cognizable facts.  The judicially noticeable public record,

4    however, reveals the following:[2]

5           Plaintiff refinanced the Property in September 2005, with two loans: one from Defendant

6    Countrywide Home Loans, Inc. ("Countrywide") for $808,800 ("First Loan"), and the other from

7    Countrywide Bank for $167,000 ("Second Loan").  Request for Judicial Notice ("RJN") Exhs. A,

8    B.  The deeds of trust each named Defendant ReconTrust Company, N.A. ("ReconTrust") as the

9    foreclosure trustee and Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") as

10   the beneficiary.  Id.  Defendant The Bank of New York Mellon fka The Bank of New York as

11   Trustee for the Certificateholders of CWALT, Inc. Alternative Loan Trust 2005-62 Mortgage

12   Pass-Through Certificates Series 2005-62 ("BONY") later became the beneficiary of the First

13   Loan, as is publicly reflected by a Corporation Assignment of Deed of Trust recorded on March

14   11, 2010.  RJN Exh. C.  The Second Loan was reconveyed in September 2012.  RJN Exh. D.

15          Plaintiff eventually fell behind on the repayment of the First Loan, and a Notice of Default

16   ("NOD") was recorded on February 18, 2010.  RJN Exh. E.  That NOD was rescinded by a

17   Notice of Rescission of Declaration of Default recorded on July 22, 2010.  RJN Exh. F.

18   B.      Procedural History

19          This is Plaintiff's seventh foreclosure-delay action, and the fourth specifically relating to

20   the Property.

21          Plaintiff filed a foreclosure-delay action before this Court in March 2012, as Case No.

22   5:12-CV-01260-LHK.  The Court granted two motions to dismiss and entered an Order of

23   Dismissal in August 2013.  RJN Exh. G.  Plaintiff then moved for a new trial and alternatively to

24   alter or amend the judgment.  On February 3, 2014, the Court denied these motions.  RJN Exh. H.

25   _____

26   [2] "The complaint should be read as containing the judicially noticeable facts, '*even when the pleading contains an express allegation to the contrary.*'"  *Cantu v. Resolution Trust Corp.*, 4 Cal. App. 4th 857, 877 (1992) (emphasis
27   added; citation omitted); *see also Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 264 (2011) ("When ruling on a demurrer, '[a] court may take judicial notice of something that cannot reasonably be controverted, *even if
28   it negates an express allegation of the pleading*'" (emphasis added; brackets in original; citation omitted)).

1   Plaintiff appealed the Court's Order and, on December 18, 2014, the Ninth Circuit issued its

2   ruling affirming the Court's Order.  RJN Exh. I.

3        Plaintiff also filed a similar action against the same Defendants in the Santa Clara County

4   Superior Court in September 2011, as Case No. 1-11-CV-210028.  That action resulted in a final

5   judgment on February 11, 2013.  The Superior Court denied a motion for new trial on April 4,

6   2013.  Plaintiff's subsequent appeal of that judgment is also pending.[3]

7   **III.   ARGUMENT**

8   **A.   The Complaint Should Be Dismissed Under Fed. R. Civ. P. 12(b)(1) Because It Is Barred By Res Judicata**

9        **1.   Res Judicata Standard**

10       "Res judicata is generally jurisdictional; therefore the motion to dismiss is properly made

11   under Federal Rule of Civil Procedure 12(b)(1)."  *Armstrong v. Young*, No. 2:12-cv-1023, 2013

12   WL 3289035, at *2 (E.D. Cal. June 28, 2013).

13       Res judicata applies where a plaintiff brings consecutive lawsuits and "'the earlier suit ...

14   (1) involved the same "claim" or cause of action as the later suit, (2) reached a final judgment on

15   the merits, and (3) involved identical parties or privies.'"  *Mpoyo v. Litton Electro-Optical Sys.*,

16   430 F.3d 985, 987 (9th Cir. 2005) (citation omitted; ellipsis in original).  Determining whether the

17   two cases involve the same claim or cause of action requires the Court to analyze "(1) whether the

18   two suits arise out of the same transactional nucleus of facts; (2) whether rights or interests

19   established in the prior judgment would be destroyed or impaired by prosecution of the second

20   action; (3) whether the two suits involve infringement of the same right; and (4) whether

21   substantially the same evidence is presented in the two actions."  *Id.*

22       If res judicata applies, the later filed suit must be dismissed.

23       **2.   The Complaint Is Barred**

24       Here, Plaintiff's case is barred.  Plaintiff brought the prior case, Case No. 5:12-CV-01260-

25   LHK, against Bank of America ("BANA") and BONY, which is also named in the present case.

26

27   [3] On December 12, 2013, Plaintiff filed another action against Defendants in Case No. 5:13-CV-05769.  On June 13, 2014, the Honorable Beth Labson Freeman issued an Order dismissing the action for lack of subject matter jurisdiction.

28

1    The present case purports to remove BANA and adds three Defendants: Select Portfolio

2    Servicing, Inc. ("SPS"), Countrywide, ReconTrust, and MERS.  However, SPS, Countrywide,

3    ReconTrust, and MERS are in privity with the defendants in the prior action.  *See Barnes v.*

4    *Homeward Residential, Inc.*, No. 13-3227, 2013 WL 5217393, at *3 (N.D. Cal. Sept. 17, 2013).

5    In *Barnes*, the court determined MERS, the former and present beneficiaries of the subject deed

6    of trust, the loan's servicer, and the trustee of the deed of trust to each be in privity with each

7    other.  The current case presents similar relationships:  BONY, the current beneficiary of the

8    DOT, is named in both suits.  MERS (the original beneficiary), the original lender (Countrywide),

9    and the trustee of the DOT (ReconTrust) have been added.  SPS, the current servicer, has also

10   been added.  As the court did in *Barnes*, this Court should find the parties to the present litigation

11   are in privity with each other and the parties to prior litigation, where all of the same interests are

12   aligned in both cases.  The "same parties" element of res judicata is met.

13        Next, the prior case also resulted in a judgment on the merits, entered in August 2013 and

14   affirmed by the Ninth Circuit on December 18, 2014.  RJN Exhs. G, I.  Further, even though

15   Plaintiff's first action did not expressly contain the same claims at issue in this action, the factors

16   analyzed by the Ninth Circuit in *Mpoyo* weigh heavily in favor of finding that Plaintiff's two

17   federal cases involve the same claim.  Most importantly, the two cases arise out of the same

18   transactional nucleus of facts—namely, Defendants' efforts to foreclose on a loan secured by the

19   Property.  The two suits involve infringement of the same right—that is, Defendants' "right" to

20   foreclose on the DOT.  Indeed, the underlying theory of liability is nearly identical in both

21   complaints; it is simply the label of the claim that has changed.  "The fact that res judicata

22   depends on an 'identity of claims' does not mean that an imaginative attorney may avoid

23   preclusion by attaching a different legal label to an issue that has, or could have, been litigated. ...

24   Newly articulated claims based on the same nucleus of facts may still be subject to a res judicata

25   finding if the claims could have been brought in the earlier action." *Tahoe-Sierra Preservation*

26   *Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077-78 (9th Cir. 2003).  Here,

27   Plaintiff's current claims arise out of the same nucleus of facts as his prior action: the first action

28   asserted claims arising out of the origination, servicing, alleged securitization, and potential

1  foreclosure of a loan secured by Plaintiff's Property.  *See, e.g.,* RJN Exh. J (Plaintiff's Amended

2  Complaint in the prior action) at 6:4-17[4] (alleging that Defendants lack any interest in Plaintiff's

3  loan or Note), 15:9-16:5 (challenging the alleged securitization), 17:9-11 (alleging that

4  Defendants are not the "holders in due course" of Plaintiff's Note).  The present claims also arise

5  out of the alleged improper securitization and possible foreclosure of that same loan.  ECF # 1, at

6  ¶¶ 82, 96-97, 128, 141.  In both cases, Plaintiff's primary theory of liability is that Defendants

7  hold no interest in the Property, either because of the securitization of the loan underlying the

8  DOT, or because Defendants supposedly cannot "produce the note" and thereby prove their

9  "authority" to foreclose.  Every single one of Plaintiff's current claims could have and should

10  have been raised in the prior action and are now barred.

11         Finally, allowing the new case to proceed would prejudice rights Defendants obtained

12  through the prior judgment, in that the foreclosure process will inevitably be delayed while the

13  new litigation is resolved.  If the new suit is dismissed, however, the nonjudicial foreclosure can

14  proceed, as the prior judgment confirmed.

15  **B.     Alternatively, Plaintiff Should Be Ordered To Provide A More Definite Statement Under Fed. R. Civ. P. 12(e)**

16         Under Federal Rule of Civil Procedure 12(e), if a complaint is so vague or ambiguous that

17  the opposing party cannot reasonably frame a responsive pleading, the party may move for a

18  more definite statement before interposing a responsive pleading.  A Rule 12(e) motion for a

19  more definite statement must be considered in light of Rule 8's liberal pleading standards in

20  federal court.  *See, e.g., Bureerong v. Uvawas,* 922 F. Supp. 1450, 1461 (C.D. Cal. 1996).

21         While Federal Rule of Civil Procedure 8(a)(2) requires a "showing that the pleader is

22  entitled to relief," such a showing requires "more than labels and conclusions."  *Bell Atl. Corp. v.*

23  *Twombly,* 550 U.S. 544, 555 (2007).  Rather a plaintiff must provide "[f]actual allegations" that

24  "raise a right to relief above the speculative level" to the "plausible" level.  *Id.*  As stated by the

25  Supreme Court in *Twombly,* "[w]ithout some factual allegation in the complaint, it is hard to see

26

27  _____

[4] The page numbers refer to the page and line numbers on the actual document rather than the electronic case filing

28  information running along the top edge.

1   how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of

2   the claim, but also 'grounds' on which the claim rests." *Id.* at 555 n.3.

3           Even if the factual elements of the cause of action are present, but are scattered throughout

4   the complaint and are not organized into a "short and plain statement of the claim," dismissal for

5   failure to satisfy Rule 8(a)(2) is proper. *See McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir.

6   1996). When a complaint is written by a *pro se* litigant, as here, pleading rules are relaxed and

7   the complaint is held to a less stringent standard. *See Karim-Panahi v. L.A. Police Dep't*, 839

8   F.2d 621, 623 (9th Cir. 1988); *Eldridge v. Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987). But it

9   is equally settled that "[a] trial court may act on its own initiative to note the inadequacy of a

10  complaint and dismiss it for failure to state a claim." *Wong v. Bell*, 642 F.2d 359, 361 (9th Cir.

11  1981); *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988); *Barsella v. United*

12  *States*, 135 F.R.D. 64, 66 (S.D.N.Y. 1991) (policy requiring courts to liberally construe *pro se*

13  complaints "does not mandate that a Court sustain every *pro so* complaint even if it is incoherent,

14  rambling, and unreadable").

15          Plaintiff's Complaint with attachments is over 600 pages long; the pleading itself is 120

16  pages long and contains at least 353 paragraphs.   Paragraph 2 alone goes on for more than four

17  pages. The document is nothing more than incoherent rambling, chock-full of esoteric legalese

18  long since out of date, and general vitriol that goes so far as to accuse Defendants of murder.

19  ECF # 1, at ¶ 18.   None of Plaintiff's claims are pled "with such clarity and precision that the

20  defendant will be able to discern what the plaintiff is claiming and to frame a responsive

21  pleading." *Anderson v. Dist. Bd. of Trs.*, 77 F.3d 364, 366 (11th Cir. 1996). Defendants should

22  not be required to guess at precisely what Plaintiff thinks they did wrong. A motion for a more

23  definite statement is appropriate when the defendants are unable to determine from the

24  complaint's allegations what issues they must meet. *See A.G. Edwards & Sons, Inc. v. Smith*, 736

25  F. Supp. 1030, 1032 (D. Ariz. 1989). Rule 12(e) was tailored for this situation. Accordingly, if

26  the Court is inclined to deny the motion to dismiss, it should require a more definite statement,

27  and Defendants' alternative motion for the same should be granted. *See McHenry v. Renne*, 84

28  F.3d 1172, 1179 (9th Cir. 1996) (affirming dismissal of "[p]rolix, confusing complaint[]" because

1  the complaint did not enable the judge or opposing counsel "to determine who is being sued for

2  what" and therefore "impose[d] [an] unfair burden[] on [the] litigants and judge[]").

3  **C.      Alternatively, The Complaint Should Be Dismissed Under Fed. R. Civ. P. 12(b)(6)**

4  **        1.      Standard For Dismissal Under Rule 12(b)(6)**

5          Dismissal is warranted under Federal Rule of Civil Procedure 12(b)(6) where the

6  complaint lacks a cognizable legal theory, or where it presents a cognizable legal theory yet fails

7  to plead essential facts to support that theory. *See Neitzke v. Williams*, 490 U.S. 319, 326 (1989);

8  *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984).

9          While all material allegations must be taken as true, "conclusory allegations without more

10 are insufficient to defeat a motion to dismiss for failure to state a claim." *McGlinchy v. Shell*

11 *Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988); *Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir.

12 2003).

13              [A] plaintiff's obligation to provide the "grounds" of his
               "entitle[ment] to relief" requires more than labels and conclusions,
14             and a formulaic recitation of the elements of a cause of action will
               not do. [Citations omitted]. Factual allegations must be enough to
15             raise a right to relief above the speculative level, see 5 C. Wright &
               A. Miller, Federal Practice and Procedure § 1216, pp. 235–236 (3d
16             ed. 2004) ... ("[T]he pleading must contain something more ... than
               ... a statement of facts that merely creates a suspicion [of] a legally
17             cognizable right of action'").

18 *Twombly*, 550 U.S. at 555 (first and third brackets and first ellipsis added; all other alterations in

19 original).

20         Plaintiff's Complaint fails to meet this standard.

21 **       2.      All Of Plaintiff's Claims Are Based On Legal Contentions Previously
                    Rejected By California Courts**

22         As discussed above, Plaintiff's Complaint is 120 pages long and contains more than 350

23 separately numbered paragraphs. As such, it is entirely unclear at times precisely what Plaintiff is

24 alleging.

25         Nevertheless, it appears that his main contention is that Defendants lack standing to

26 foreclose on his Property or to receive payments due on his loan (1) because, regardless of any

27 assigned interest under the DOT, they cannot prove that they hold the Note and (2) because the

28

1    loan was allegedly improperly securitized.  ECF # 1, at ¶¶ 80, 99-100, 140-141.  He also alleges

2    that the foreclosure-related documents are improper because they were "robo-signed."  *See id.* at

3    ¶¶ 152-153.  California courts have soundly rejected all of these arguments.

**a.  California Courts Have Rejected Plaintiff's "Show Me The Note" Theory**

5    Civil Code section 2924, *et seq.*, does not require the foreclosing entity to possess the

6    original note to initiate foreclosure proceedings.  *Debrunner v. Deutsche Bank Nat'l Trust Co.*,

7    204 Cal. App. 4th 433, 440 (2012).  "Under California law, there is no requirement for the

8    production of an original promissory note prior to initiation of a nonjudicial foreclosure.

9    Therefore, the absence of an original promissory note in a nonjudicial foreclosure does not render

10   a foreclosure invalid."  *Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177, 1186

11   (N.D. Cal. 2009) (citation omitted).  Indeed, "California courts have refused to delay the

12   nonjudicial foreclosure process by allowing trustor-debtors to pursue preemptive judicial actions

13   to challenge the right, power, and authority of a foreclosing 'beneficiary' or beneficiary's 'agent'

14   to initiate and pursue foreclosure."  *Jenkins v. JP Morgan Chase Bank, N.A.*, 216 Cal. App. 4th

15   497, 511 (2013); *see Rossberg v. Bank of Am., N.A.*, 219 Cal. App. 4th 1481, 1493 (2013)

16   (dismissing plaintiff's claims).  Plaintiff is therefore prohibited from challenging Defendants'

17   authority to foreclose, and cannot rely upon any theory that Defendants do not possess the Note or

18   were not properly assigned the Note.[5]  Accordingly, this theory cannot form the basis for any

19   liability.

**b.  California Courts Have Rejected Plaintiff's Securitization Theory**

21   Plaintiff's next theory is based entirely on the oft-rejected opinion in *Glaski v. Bank of*

22   *America, N.A.*, 218 Cal. App. 4th 1079 (2013).  Other California courts decline to follow *Glaski*,

23   which espouses a narrow "minority view" that, for purposes of a demurrer, a non-party to a

24   Pooling and Servicing Agreement has standing to challenge a mortgage loan transfer to a trust in

25   alleged violation of the PSA's terms governed by New York trust law.  *See, e.g., Kan v. Guild*

---

[5] *Robinson v. Countrywide Home Loans, Inc.*, 199 Cal. App. 4th 42, 45 (2011) (affirming order sustaining demurrer without leave to amend where plaintiff claimed wrong party had initiated foreclosure based on allegation that securitization of promissory note had made it impossible to determine the note's owner).

1   *Mortg. Co.*, 230 Cal. App. 4th 736, 744-45 (2014); *Jenkins*, 216 Cal. App. 4th at 514-15; *Miller v.*

2   *JP Morgan Chase Bank N.A.*, No. 5:13-CV-03192-EJD, 2014 U.S. Dist. LEXIS 110038, at *11-

3   12 (N.D. Cal. Aug. 8, 2014); *Tavares v. Nationstar Mortg. LLC*, No. 14cv216-WQH-NLS, 2014

4   U.S. Dist. LEXIS 95537, at *9 (S.D. Cal. July 14, 2014); *Zapata v. Wells Fargo Bank, N.A.*, No.

5   C 13-04288 WHA, 2013 U.S. Dist. Lexis 173187, at *4-5 (N.D. Cal., Dec. 10, 2013); *In re*

6   *Davies,* 565 F. App'x 630, 633 (9th Cir. 2014). Because Plaintiff lacks standing to assert his

7   claim of "improper securitization," this allegation fails to serve as a legitimate basis for his

8   Complaint. *See Rivac v. Ndex W. LLC*, No. 13-cv-1417-PJH, 2013 WL 6662762, at *4 (N.D. Cal.

9   Dec. 17, 2013) (holding "[t]his court is persuaded by the 'majority position' of courts within this

10   district," finding *Glaski* "unpersuasive, and that 'plaintiffs lack standing to challenge

11   noncompliance with a PSA in securitization unless they are parties to the PSA or third party

12   beneficiaries of the PSA.'" (citation omitted)).

13   Moreover, Plaintiff has not alleged and cannot allege any prejudice or harm by the alleged

14   securitization. Put simply, Plaintiff's purported harm is caused by his indisputable default, not by

15   anything Defendants did. RJN Exh. E. He is not prejudiced by anything other than what he did.

16   *See Dick v. Am. Home Mortg. Servicing, Inc.*, No. CIV. 2:13-00201 WBS, 2013 WL 5299180, at

17   *3 (E.D. Cal. Sept. 18, 2013) (granting defendants' motion to dismiss wrongful foreclosure claim

18   because "[p]laintiffs acknowledge they were in default of their loan" and because plaintiffs failed

19   to "allege that the allegedly improper transfer interfered with their ability to pay their note").

20   **c.    California Courts Have Rejected Plaintiff's Unsubstantiated "Robo-Signing" Theory**

21   "[W]hen a plaintiff includes vague allegations of 'robo signing' and fails to allege facts

22   setting forth the basis on which the plaintiff is informed and believes such allegations are true,

23   their underlying cause of action fails." *Nastrom v. New Century Mortg. Corp.*, No. 1:11CV01998

24   DLB, 2012 WL 2090145, at *6 (E.D. Cal. June 8, 2012). Here, because Plaintiff fails to provide

25   any factual support for his allegations that certain foreclosure-related documents were "robo-

26   signed," he cannot base any such claim upon such a theory. Beyond that, the prevailing view is

27   that plaintiff homeowners lack standing to challenge the validity of robo-signatures. *Bennett v.*

28

1   *Wells Fargo Bank, N.A.*, No. CV 13-01693, 2013 WL 4104076, at *6  (N.D. Cal. Aug. 9, 2013).

2   "The reasoning is that the plaintiff lacks standing to contest the validity of a robo-signature,

3   because his foreclosure was the result of not making payments and entering default, such that he

4   did 'not suffer an injury as a result of the assignment of deed of trust, even if the assignment was

5   fraudulent.'" *Id.* (citation omitted).[6]   That is precisely the case here given Plaintiff's default.  *See*

6   RJN Exh. E.  Consequently, these allegations are untenable.

<h3>d.     The Complaint Lacks Specificity For Fraud-Based Claims</h3>

8         When a plaintiff alleges fraud, Federal Rule of Civil Procedure 9(b) requires that the

9   "circumstances constituting fraud or mistake" shall be "state[d] with particularity."  State law

10   determines the elements of the cause of action, but "'the Rule 9(b) requirement that the

11   circumstances of the fraud must be stated with particularity is a federally imposed rule,'" and

12   applies to state-law claims sounding in fraud. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097,

13   1103 (9th Cir. 2003) (emphasis and citation omitted) (applying Rule 9(b) standard to action

14   asserting unfair competition and Consumers Legal Remedies Act violations); *see also Noll v.*

15   *eBay, Inc.,* 282 F.R.D. 462, 468 (N.D. Cal. 2012).

16         The "circumstances constituting fraud" or any other claim that "sounds in fraud" must

17   satisfy the particularity requirements of Rule 9(b).  *Vess*, 317 F.3d at 1103-04.  This is true even

18   where "fraud" is not a specific element of the claim but the plaintiffs have alleged that the

19   defendants engaged in fraudulent conduct.  *Id.*  Here, Plaintiff's core allegation is that Defendants

20   defrauded him, and others, by claiming rights to loan payments and recording foreclosure-related

21   documents.  *See, e.g.,* ECF # 1, at  ¶ 2.  Plaintiff, however, has failed to allege his claims with the

22   required specificity.  For this reason alone, Defendants' motion should be granted.

23

24

25   _____

[6] *See Javaheri v. JPMorgan Chase Bank, N.A.*, No. 2:10–CV–08185–ODW, 2012 WL 3426278, at *6 (C.D. Cal.

26   Aug. 13, 2012) (allegations of robo-signing, even if true, were not actionable where borrower suffered no injury
   arising from the robo-signing itself); *Orzoff v. Bank of Am., N.A.*, No. 2:10–CV–2202 JCM GWF, 2011 WL

27   1539897, at *2–3 (D. Nev. Apr. 22, 2011) (holding that plaintiff failed to state a claim that trustee breached its duty
   by "robo-signing" documents related to plaintiff's loan where plaintiff did not dispute that she defaulted on her

28   mortgage or that she received required notices).

1

### 3.     The First Cause Of Action Should Be Dismissed[7]

2      Plaintiff's first cause of action is for "Declaratory Relief: Negligence." To prove a cause

3   of action for negligence, a plaintiff must show (1) a legal duty to use reasonable care, (2) breach

4   of that duty, and (3) proximate or legal cause between the breach and the plaintiff's injury.

5   *Mendoza v. City of Los Angeles,* 66 Cal. App. 4th 1333, 1339 (1998). Plaintiff argues Defendant

6   SPS is liable for negligence because it demanded loan payments when nothing was allegedly due

7   and filed untrue foreclosure-related documents. ECF # 1, at ¶ 207. This claim fails because SPS

8   did not owe Plaintiff any legal duty of care. *See Nymark v. Heart Fed. Sav. & Loan Ass'n,* 231

9   Cal. App. 3d 1089, 1096 (1991) ("[A] financial institution owes no duty of care to a borrower

10  when the institution's involvement in the loan transaction does not exceed the scope of its

11  conventional role as a mere lender of money."); *Shepherd v. Am. Home Mortg. Servs., Inc.,* No.

12  2:09-1916 WBS GGH, 2009 WL 4505925, at *2 (E.D. Cal. Nov. 20, 2009).

13     This claim also fails because SPS did not breach any alleged duty. The only duties SPS is

14  alleged to have breached are ill-defined duties to not record fraudulent documents. Plaintiff's

15  allegation that SPS breached this duty hinges on his allegation that Defendants had no rights to

16  enforce Plaintiff's loan or the DOT. As this basic allegation is incorrect (as discussed above),

17  Plaintiff's claim fails.

18     Finally, this claim is also time-barred. The statute of limitations for a negligence claim is

19  two years. *See* Cal. Civ. Proc. Code § 335.1. Any demands for payment or filing of foreclosure

20  documents that allegedly could have clouded Plaintiff's title occurred in 2010 (at the latest) when

21  the NOD was recorded. RJN Exhs. E-F. As this current claim was not filed until November 20,

22  2014, this portion of the claim is time-barred. ECF # 1.

23
### 4.     The Second Cause Of Action Should Be Dismissed

24     Plaintiff's second cause of action is for "self-dealing." Nevertheless, it is clear from

25  Plaintiff's allegations that what he is alleging in reality is a cause of action for breach of fiduciary

26  duty. *See* ECF # 1, at ¶ 52. This cause of action fails because Defendants did not owe Plaintiff a

27  ---

28
[7] Except where otherwise noted, Plaintiff's causes of action are alleged against all Defendants.

1   fiduciary duty. *See Perryman v. Litton Loan Servicing, LP*, No. 14-cv-02261-JST, 2014 U.S.

2   Dist. LEXIS 140479, at *48 (N.D. Cal. Oct. 1, 2014) ("As a general rule, '[t]he relationship

3   between a lending institution and its borrower-client is not fiduciary in nature.'" (brackets in

4   original) (quoting *Nymark*, 231 Cal. App. 3d at 1093 n.1)).

5       **5.      The Third And Thirty-First Causes Of Action Should Be Dismissed**

6       Plaintiff's third and thirty-first causes of action are based on an alleged violation of

7   California's Unfair Competition Law ("UCL"), set forth in California Business and Professions

8   Code section 17200, *et seq.*   These claims fail.

9       A plaintiff asserting an unfair competition claim must allege an "unlawful, unfair or

10  fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. "A business practice is

11  unlawful 'if it is forbidden by any law[.]'" *Olszewski v. Scripps Health,* 30 Cal. 4th 798, 827

12  (2003) (citation omitted). "Section 17200 'borrows' violations from other laws by making them

13  independently actionable as unfair competitive practices." *Korea Supply Co. v. Lockheed Martin*

14  *Corp.*, 29 Cal. 4th 1134, 1143 (2003). "'Unfair' simply means any practice whose harm to the

15  victim outweighs its benefits." *Saunders v. Superior Court*, 27 Cal. App. 4th 832, 839 (1994).

16  "Fraudulent," as used in the statute, does not refer to the common law tort of fraud but only

17  requires a showing that "'members of the public are likely to be deceived.'" *Korea Supply Co.*, 29

18  Cal. 4th at 1151 (citation omitted). An "'unfair' business practice occurs when the practice

19  offends an established public policy or when the practice is immoral, unethical, oppressive,

20  unscrupulous or substantially injurious to consumers." *Bardin v. Daimlerchrysler Corp.*, 136

21  Cal. App. 4th 1255, 1268 (2006) (internal quotation marks and citation omitted); *Drum v. San*

22  *Fernando Valley Bar Ass'n*, 182 Cal. App. 4th 247, 257 (2010).  In addition to alleging an

23  unlawful, unfair, or fraudulent act, a private party may only sue if it "has suffered injury in fact

24  and has lost money or property as a result of such unfair competition." Cal. Bus. & Prof. Code §

25  17204.

26      Plaintiff's unfair competition claim should be dismissed for four reasons.  First, Plaintiff

27  has not alleged any injury.  The only injury he alleges is making loan payments and clouding of

28  his title. ECF # 1, at ¶ 215. These are not tenable damages because they are premised on his

1    incorrect contention that Defendants lack standing to enforce the Note or the DOT, when such

2    standing clearly exists. *See* RJN Exhs. A-C.

3         Second, these claims are premised entirely on the other causes of action alleged in the

4    Complaint. As those causes of action fail, so do these claims of unfair competition. *See, e.g.,*

5    *Consumer Def. Grp. v. Rental Hous. Indus. Members,* 137 Cal. App. 4th 1185, 1220 (2006)

6    (dismissing UCL claim when predicate claims were also dismissed); *Krantz v. BT Visual Images,*

7    *L.L.C.,* 89 Cal. App. 4th 164, 178 (2001) (the viability of a UCL claim "stand[s] or fall[s]" with

8    the underlying claim). Third, Plaintiff has not alleged any unfair conduct; rather, he has only

9    alleged Defendants' attempts to enforce the Note and DOT.

10        Fourth, the claims are time-barred. The statute of limitations for UCL claims is four

11   years. Cal. Bus & Prof. Code § 17208. Any demands for payment or filing of foreclosure

12   documents that could have clouded his title occurred in July 2010 at the latest. RJN Exhs. E-F.

13   As this current action was not filed until November 20, 2014, these claims are time-barred.

14   ECF # 1.

15        For these reasons, Defendants' motion to dismiss should be granted without leave to

16   amend.

17   **6.    The Fourth Cause Of Action Should Be Dismissed**

18        Plaintiff's fourth cause of action alleging a violation of the Fair Debt Collection Practices

19   Act ("FDCPA") fails for a myriad of reasons. First, the claim is time-barred because it was

20   brought over three years too late. FDCPA claims are subject to a one-year statute of limitations

21   (*see* 15 U.S.C. § 1692k(d)), and Plaintiff's "improper debt collection claims" arose in 2010, when

22   the NOD was allegedly improperly recorded to collect on Plaintiff's unpaid debt (RJN Exh.

23   E). Plaintiff waited until 2014 to pursue his claim, and he provides no basis to justify tolling the

24   statute.

25        Second, Plaintiff cannot sufficiently plead the elements of a viable FDCPA claim against

26   Defendants. Defendants MERS and the Bank of New York, as Trustee ("the Trust") are not

27   liable under the FDCPA because they are not "debt collectors" to which the FDCPA applies. As

28   reflected in the Complaint, MERS did not communicate with Plaintiff about the payment of his

1   debt, and the Trust is the creditor of the mortgage loan.  *See De Jesus Vega v. Saxon Mortg.*

2   *Servs.*, No. 08-CV-2194-IEG (CAB), 2009 U.S. Dist. LEXIS 22791, at *8-9 (C.D. Cal. Mar. 16,

3   2009); *see also Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 403 (3d Cir. 2000) (the statute

4   does not apply to creditors who collect in their own name and whose principal business is not

5   debt collection, only to debt collectors (citing *Pettit v. Retrieval Masters Creditor Bureau, Inc.*,

6   211 F.3d 1057, 1059 (7th Cir. 2000); *Aubert v. Am. Gen. Fin., Inc.*, 137 F.3d 976, 978 (7th Cir.

7   1998))).  Thus, these Defendants not "debt collectors" per the FDCPA and the Complaint fails to

8   state an FDCPA claim against them, even if the claim were not time-barred.

9           Third, assuming, *arguendo*, that Defendant SPS (1) met the definition of "debt collector,"

10  (2) engaged in a "debt collection activity," and (3) engaged in a debt collection practice within the

11  limitations period, nothing SPS is alleged to have done in pursuit of Plaintiff's debt was unfair or

12  unlawful.  Indeed, the foreclosure Plaintiff seeks to prevent is not a "debt collection activity" for

13  purposes of liability under the FDCPA.  *See Park v. Wachovia Mortg., FSB*, No. 10cv1547 WQH

14  (RBB), 2011 U.S. Dist. LEXIS 113011, at *14 (S.D. Cal. Sept. 30, 2011) (stating that the FDCPA

15  does not apply to foreclosures).  And nothing about SPS's letters lamented in the Complaint

16  involves any conduct prohibited by the FDCPA.  *Compare* 15 U.S.C. §§ 1692d-1692f *with* ECF #

17  1, at ¶ 225.  To the extent SPS is alleged to have pursued an "invalid debt," that allegation has

18  already been established as an insufficient basis for Plaintiff to refuse to perform under the Note

19  and DOT.

20          In sum, for various reasons, Plaintiff has not alleged and cannot allege a viable cause of

21  action against Defendants under the FDCPA, and so the claim asserted against Defendants must

22  be dismissed without leave to amend.

23          **7.       The Fifth, Sixth, Seventh, Eighth, And Ninth Causes Of Action Should Be
                        Dismissed**

24

25          Plaintiff's fifth, sixth, seventh, eighth, and ninth causes of action purport to allege

26  violations of 18 U.S.C. section 1962, *et seq.,* aka the Racketeer Influenced and Corrupt

27  Organizations Act ("RICO").  The fifth cause of action alleges a violation of section 1963, the

28  sixth a violation of section 1962, the seventh a violation of section 1964, the eighth a violation of

1   section 1965, and the ninth a violation of section 1966.  The majority of these claims fail because

2   the cited sections either do not pertain to this matter or do not specifically provide a private right

3   of action.  For example, section 1962 lists the prohibited activities, section 1963 merely specifies

4   criminal penalties, section 1965 describes "venue and process," and section 1966 describes how a

5   civil action brought by the federal government may be expedited by the court.

6        The only relevant claim is the claim brought under section 1964, which provides a private

7   right of action.  Pursuant to the law, a civil RICO plaintiff must allege a pattern of racketeering

8   activity in order to state a claim.  *See Ghosh v. Uniti Bank*, 566 F. App'x 596, 597 (9th Cir. 2014).

9   Section 1962 describes the prohibited activities, all of which require "racketeering activity,"

10   which is defined in section 1961(1).  Nowhere has Plaintiff alleged precisely how Defendants

11   have engaged in any "racketeering activities" as defined and described by sections 1961 and

12   1962.[8]  Rather, all of the misconduct Plaintiff alleges in these causes of action is either the result

13   of the nonjudicial foreclosure process (which is specifically provided for by statute) or the

14   securitization of Plaintiff's loan (which he is prohibited from challenging as a matter of law).  As

15   there was nothing illegal or unlawful about either of these actions, these claims fail as a matter of

16   law.

17        This is precisely the same conclusion recently reached by this very Court.  *See Reyes-*

18   *Aguilar v. Bank of Am., N.A.*, No. 13-cv-05764-JCS, 2014 U.S. Dist. LEXIS 37036 (N.D. Cal.

19   Mar. 20, 2014).  In *Reyes-Aguilar*, the Court rejected plaintiff's "'attempt to cast a

20   straightforward foreclosure proceeding as a pattern of racketeering activity'" and found it to be

21   "'simply improper.'"  *Id.* at *43 (quoting *Zacharias v. JP Morgan Chase Bank, N.A.*, 2013

22   U.S. Dist. LEXIS 20258, at *10-11 (N.D. Cal. Feb. 13, 2013)).  In reaching this conclusion, the

23   Court specifically stated as follows:

24        This Court, along with several other federal courts in

25        California, have dismissed with prejudice RICO claims brought by

---

26   [8] Federal Rule of Civil Procedure 9 applies to RICO allegations.  *See Flores v. Emerich & Fike*, 416 F. Supp. 2d 885,

27   911 (E.D. Cal. 2006) ("Rule 9(b) requires that the pleader state the 'time, place, and specific content of the false
    representations, as well as the identities of the parties to the misrepresentation.'").  Plaintiff has failed to allege this

28   claim with specificity.

> Plaintiffs' counsel and based in allegations nearly identical in substance and wording to the claim here . . .
>
> The Court adopts the reasoning of previous cases and finds that Plaintiffs' [RICO] claim here is "far from plausible." Plaintiffs "put forward no facts supporting [their] 'sweeping contention that Defendants defrauded everyone' by bringing suit on behalf of entities without standing to sue." They fail to allege facts of an ongoing organization to support the contention that Defendants function as an "enterprise." They fail to make any plausible allegations of racketeering activities that are distinct from the alleged enterprise. They fail to allege that the loan constitutes an unlawful debt, *e.g.,* an unlawful gambling debt. They fail to identify authority to support their contention that Defendants had a duty to make disclosures regarding securitization. Moreover, securitization is neither a crime nor racketeering activity. They fail to allege plausibly that any injury was proximately caused by Defendants' activities and not their own default.

*Id.* at 40-42 (brackets in original; citations and footnote omitted).

For these reasons, these claims fail as a matter of law.

**8.      The Tenth Cause Of Action Should Be Dismissed**

Plaintiff's tenth cause of action alleges a claim under 42 U.S.C. section 1981, which provides in relevant part that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other." 42 U.S.C. § 1981(a).  In order to allege a cause of action under this section, a party must show that "'(1) [he] is a member of a protected class, (2) [he] attempted to contract for certain services, and (3) [he] was denied the right to contract for those services.'" *Jefferson v. City of Fremont*, No. C-12-0926, 2013 U.S. Dist. LEXIS 58248, at *9 (E.D. Cal. Apr. 23, 2013) (brackets in original) (quoting *Lindsey v. SLT L.A., LLC*, 447 F.3d 1138, 1145 (9th Cir. 2006)).  "The plaintiff must also show that he "'was deprived of services while similarly situated persons outside the protected class were

not."'" *Id.* at *10 (quoting *Lindsey,* 447 F.3d at 1145).  The Ninth Circuit has indicated that this last element may be relaxed in certain circumstances, e.g., a plaintiff need only show that he "'"received services in a markedly hostile manner and in a manner which a reasonable person would find objectively discriminatory."'" *Id.* at *9-10 (quoting *Lindsey,* 447 F.3d at 1145).  This cause of action fails to state a claim because Plaintiff has not alleged any of these facts.

This cause of action is also time-barred.  A one-year statute of limitations applies to Plaintiff's claim under section 1981.  *See Lukovsky v. City & Cnty. of San Francisco,* 535 F.3d 1044, 1048 (9th Cir. 2008) (citing *Taylor v. Regents of Univ. of Cal.,* 993 F.2d 710, 711 (9th Cir. 1993)).  Plaintiff's claim is based on Defendants' recordation of the foreclosure documents, which occurred in 2010.  RJN Exhs. E-F.  As this action was not filed until 2014, it is time-barred.

### 9.     The Eleventh Cause Of Action Should Be Dismissed

Plaintiff's eleventh cause of action alleges a claim under 42 U.S.C. Section 1982, which provides that "[a]ll citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property."  In order to allege a cause of action under this section, a party must show that (1) he or she is a member of a racial minority, (2) he or she applied for and was qualified to rent or purchase certain property or housing, (3) he or she was rejected, and (4) the housing or rental opportunity remained available thereafter.  *See Phiffer v. Proud Parrot Motor Hotel, Inc.,* 648 F.2d 548, 551 (9th Cir. 1980).  Plaintiff has failed to allege these elements and, more importantly, it is clear he cannot.  As such, the action is futile.  Moreover, this cause of action is also time-barred for the reasons set forth above.  *See Gaxiola v. City of Los Angeles,* No. CV 10-6632, 2011 U.S. Dist. LEXIS 75569, at *2-3 (C.D. Cal. July 13, 2011) ("In California, the statute of limitations for claims brought pursuant to §§ 1982, 1983 and 1985 is two years.").  Specifically, any documents clouding Plaintiff's title were recorded no later than July 2010, but this action was not filed until 2014.  RJN Exh. E (February 18, 2010 NOD).

10. **The Twelfth,[9] Seventeenth, Eighteenth, Nineteenth, Twenty-First, Twenty-Fifth, And Thirty-Second[10] Causes Of Action Should Be Dismissed**

Plaintiff's twelfth, seventeenth, eighteenth, nineteenth, twenty-first, twenty-fifth, and thirty-second causes of action are all based on Defendants' previously discussed servicing and foreclosure-related activities. *See* ECF # 1, at ¶ 261 (twelfth cause of action for Accounting), 284 (seventeenth cause of action for Intentional Interference with Prospective Economic Advantage[11]), ¶ 287 (eighteenth cause of action for Intentional Infliction of Emotional Distress[12]), ¶ 292 (nineteenth cause of action for Fraud and Deceit), ¶ 299 (twenty-first cause of action for Aiding and Abetting Fraud), ¶ 316 (twenty-fifth cause of action for Negligent Interference with Prospective Economic Advantage), and ¶ 353 (thirty-second cause of action for Ultra Vires). As such alleged misconduct is not actionable, these claims fail.

11. **The Thirteenth Cause Of Action Should Be Dismissed**

Plaintiff's thirteenth cause of action alleges a claim under the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601-1667. This claim, however, is time-barred. An action for damages under TILA must be brought within one year of the alleged violation, 15 U.S.C. § 1640(e), and under TILA the "violation" occurs upon consummation of the loan, *Betancourt v. Countrywide Home Loans, Inc.,* 344 F. Supp. 2d 1253, 1258 (D. Colo. 2004). A loan is consummated at "the time that a consumer becomes contractually obligated on a credit transaction." 12 C.F.R. § 226.2(a)(13). Here, any and all loans were funded in 2005. RJN Exhs. A, B. Because Plaintiff's TILA claim was not brought by 2006, it is barred by the running of the statute of limitations.

---

[9] This cause of action is alleged against Defendants Countrywide and the Trust only.

[10] This cause of action is alleged against all Defendants except SPS.

[11] This claim (along with the claim for Negligent Interference with Prospective Economic Advantage) also fails because Plaintiff has failed to allege the required elements, i.e., any economic relationship between himself and a third party. *See Edwards v. Arthur Andersen LLP,* 44 Cal. 4th 937, 944 (2008).

[12] This claim also fails because Plaintiff has failed to allege the required elements, i.e., "extreme and outrageous conduct" or "severe emotional distress." *See Landucci v. State Farm Ins. Co.,* No. 5:14-cv-00789-LHK, 2014 WL 3705117, at *8 (N.D. Cal. July 23, 2014) (citing *Cochran v. Cochran,* 65 Cal. App. 4th 488, 494 (1998)). "The alleged outrageous conduct 'must be so extreme as to exceed all bounds . . . usually tolerated in a civilized community.'" *Id.* (ellipsis in original) (quoting *Cochran,* 65 Cal. App. 4th at 494).

1    **12.     The Fourteenth Cause Of Action Should Be Dismissed[13]**

2        Plaintiff's fourteenth cause of action alleges a violation of the Real Estate Settlement

3    Procedures Act ("RESPA"). *See* 12 U.S.C. § 2605, *et seq.* Plaintiff, however, has failed to allege

4    any of the required elements for a RESPA claim, e.g., that he submitted a qualified written

5    request ("QWR") and that Defendants failed in their duty to respond to such a request. *See* 12

6    U.S.C. § 2605(e)(1)(A). Indeed, Plaintiff has not alleged and cannot allege these facts, as he has

7    never submitted any QWR to Defendants. Consequently, the claim fails.

8        This claim is also time-barred. Either a one- or three-year statute of limitations applies to

9    RESPA claims. *See Hummer v. EMC Mortg. Corp.*, No. CIV S-10-1690, 2011 U.S. Dist. LEXIS

10   55838, at *8 (E.D. Cal. May 23, 2011). In this case, Plaintiff's claim is based on disclosures that

11   he allegedly did not receive when he initially received his loan. As Plaintiff's loan was originally

12   funded in 2005, these claims are time-barred. *See* RJN Exhs. A, B.

13   **13.     The Sixteenth Cause Of Action Should Be Dismissed**

14       Plaintiff's sixteenth cause of action is for Breach of Contract. This cause of action fails

15   because Plaintiff does not allege any contract between him and any Defendant.

16   **14.     The Twentieth Cause Of Action Should Be Dismissed[14]**

17       Plaintiff's twentieth cause of action alleges a violation of 18 U.S.C. sections 1961 (RICO)

18   and 1341 (Mail Fraud). The section 1961 claim fails as previously discussed in regard to

19   Plaintiff's fifth through ninth causes of action. The section 1341 claim fails because it is based on

20   a criminal statute that does not provide for a private right of action. *See Wenzoski v. Citicorp*, 480

21   F. Supp. 1056, 1062 (N.D. Cal. 1979).

22

23

24

25

26   _____

27   [13] This cause of action is alleged against Defendants Countrywide and the Trust only.

28   [14] This cause of action is alleged against Defendants SPS and Countrywide only.

15. **The Twenty-First,[15] Twenty-Second,[16] And Twenty-Third[17] Causes Of Action Should Be Dismissed**

Plaintiff's twenty-first cause of action alleges a claim for aiding and abetting fraud, his twenty-second cause of action alleges a claim for aiding and abetting a breach of fiduciary duty, and his twenty-third cause of action alleges a claim for aiding and abetting a tort. *See* ECF # 1, at ¶¶ 11, 297-308. Under California law, "[l]iability may … be imposed on one who aids and abets the commission of an intentional tort if the person (a) knows the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other to so act or (b) gives substantial assistance to the other in accomplishing a tortious result and the person's own conduct, separately considered, constitutes a breach of duty to the third person." *Casey v. U.S. Bank Nat'l Ass'n*, 127 Cal. App. 4th 1138, 1144 (2005) (ellipsis in original; internal quotation marks and citation omitted). These claims fail because Plaintiff's allegations that Defendants "aided and abetted" co-Defendant Countrywide are based on Defendants' purportedly unlawful filing of forged documents, receiving payments from Plaintiff on the Note, and clouding his title. These allegations, however, are incorrect as previously discussed and, as such, these claims must fail.

16. **The Twenty-Sixth, Twenty-Seventh, Twenty-Eighth, and Twenty-Ninth Causes Of Action Should Be Dismissed Because They Do Not Constitute Valid Causes of Action**

Plaintiff's twenty-sixth cause of action for Unjust Enrichment and twenty-eighth cause of action for Attorneys' Fees should be dismissed because they do not constitute valid causes of action under California law. *See Graham-Sult v. Clainos*, 756 F.3d 724, 750 (9th Cir. 2014) (citing *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350 (2010)). Similarly, Plaintiff's twenty-seventh cause of action under the "IRS Whistle Blower Program" also does not allege a valid cause of action and should be dismissed. Plaintiff's twenty-ninth cause of action for violation of

---

[15] This cause of action is alleged against all Defendants except Countrywide.

[16] This cause of action is alleged against all Defendants except Countrywide.

[17] This cause of action is alleged against all Defendants except Countrywide.

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

-20-

5:14-CV-05142-LHK-NC
DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1    15 U.S.C. section 78AA should also be dismissed because it is merely a jurisdictional statute that

2    does not convey a private right of action.

3    **17.    The Thirtieth Cause Of Action For Quiet Title Should Be Dismissed[18]**

4    Code of Civil Procedure section 761.020 mandates that in a quiet title action, plaintiffs

5    must allege the legal description of the property, their title and the basis of title, the adverse

6    claims against which title is sought, the date for title determination, and a prayer for same.

7    Plaintiffs in a quiet title cause of action have the burden of showing a claim to the property.  Cal.

8    Civ. Proc. Code § 761.010(b); *Moore v. Schneider*, 196 Cal. 380, 392-93 (1925).  Plaintiffs also

9    must repay any debt secured by liens against the property.  Here, Plaintiff has done, and can do,

10   none of these things.

11   **a.    Plaintiff Must Repay the Debt**

12   "It is settled in California that a mortgagor cannot quiet his title against the mortgagee

13   without paying the debt secured." *Shimpones v. Stickney,* 219 Cal. 637, 649 (1934); *see also*

14   *Miller v. Provost,* 26 Cal. App. 4th 1703, 1707 (1994) ("[A] mortgagor of real property cannot,

15   without paying his debt, quiet his title against the mortgagee."); *see also Rosenfeld v. JPMorgan*

16   *Chase Bank, N.A.,* 732 F. Supp. 2d 952, 975 (N.D. Cal. 2010) ("[I]t is dispositive as to this claim

17   that, under California law, a borrower may not assert 'quiet title' against a mortgagee without first

18   paying the outstanding debt on the property."); *see also Ruiz v. Wells Fargo Bank, N.A.,* No. CV-

19   13-1114, 2013 WL 1235841, at *2 (C.D. Cal. Mar. 27, 2013).  In a quiet title action, repayment is

20   required *regardless* of whether a foreclosure sale has taken place.

21   Here, Plaintiff obtained an $808,000 loan in 2005.  RJN Ex. A.  He has not repaid the

22   debt, and so may not quiet title.

23   **b.    Plaintiff Does Not State A Valid Basis On Which To Quiet Title**

24   Plaintiff seeks to quiet title based on his underlying, and repeatedly alleged, theory that

25   Defendants cannot "prove" their authority to foreclose.  ECF # 1, at ¶¶ 340-341.  He claims the

26   loan was securitized, which he avers either paid the loan off or rendered the DOT unenforceable.

27

28

---

[18] This cause of action is alleged against all Defendants except SPS.

He claims Defendants must each produce some "proof of claim" before they may foreclose. As discussed above, California courts have repeatedly rejected Plaintiff's theories. As Plaintiff alleges no valid basis on which to quiet title, the claim fails.

## IV.   CONCLUSION

For each of the foregoing reasons, Defendants respectfully request the Court grant the motion to dismiss and dismiss the entire case with prejudice.

DATED:  January 29, 2015

STOEL RIVES LLP


By: /s/ Thomas A. Woods
THOMAS A. WOODS
BRYAN L. HAWKINS
Attorneys for Defendants
SELECT PORTFOLIO SERVICING, INC.; THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS CWALT, INC. ALTERNATIVE LOAN TRUST 2005-62 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-62; AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

1                       **DECLARATION OF SERVICE**

2         I declare that I am over the age of eighteen years and not a party to this action. I am employed in the City and County of Sacramento and my business address is 500 Capitol Mall,

3  Suite 1600, Sacramento, California 95814.

4         On January 29, 2015, at Sacramento, California, I served the attached document(s):

5               **NOTICE OF MOTION AND MOTION TO DISMISS BY**
              **DEFENDANTS SELECT PORTFOLIO SERVICING, INC.,**

6               **THE BANK OF NEW YORK MELLON FKA THE BANK OF**
              **NEW YORK, AS TRUSTEE FOR THE**

7               **CERTIFICATEHOLDERS CWALT, INC. ALTERNATIVE**
              **LOAN TRUST 2005-62 MORTGAGE PASS-THROUGH**

8               **CERTIFICATES, SERIES 2005-62, AND MORTGAGE**
              **ELECTRONIC SYSTEMS, INC.; MEMORANDUM OF**

9               **POINTS AND AUTHORITIES**

10  on the following parties:

11        Fareed Sepehry-Fard

12        12309 Saratoga Creek Dr.
       Saratoga, CA 95070

13        Tel: (408) 690-4612

14  ☒  **BY FIRST CLASS MAIL:** I am readily familiar with my employer's practice for the collection and processing of correspondence for mailing with the U.S. Postal Service. In the ordinary course of business, correspondence would be deposited with the U.S. Postal Service on the day on which it is collected. On the

15     date written above, following ordinary business practices, I placed for collection and mailing at the offices of Stoel Rives LLP, 500 Capitol Mall, Suite 1600, Sacramento, California 95814, a copy of the attached document

16     in a sealed envelope, with postage fully prepaid, addressed as shown on the service list. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing contained in this declaration.

17  ☐  **BY FACSIMILE:** On the date written above, I caused a copy of the attached document to be transmitted to a

18     fax machine maintained by the person on whom it is served at the fax number shown on the service list. That transmission was reported as complete and without error and a transmission report was properly issued by the transmitting fax machine.

19  ☐  **BY HAND DELIVERY:** On the date written above, I placed a copy of the attached document in a sealed

20     envelope, with delivery fees paid or provided for, and arranged for it to be delivered by messenger that same day to the office of the addressee, as shown on the service list.

21  ☐  **BY EMAIL:** On the date written above, I emailed a copy of the attached documents to the addressee, as shown on the service list.

22  ☒  **(Federal Courts Only)** I declare that I am employed in the office of a member of this court at whose direction this service was made.

23         I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this document was executed on January 29, 2015, at

24  Sacramento, California.

25

26                                      Maria Davis

27

28