United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FAREED SEPEHRY-FARD,<br><br>          Plaintiff,<br><br>     v.<br><br>SELECT PORTFOLIO SERVICING, INC.,<br>et al.,<br><br>          Defendants. | Case No.: 14-CV-05142-LHK<br><br>**ORDER GRANTING DEFENDANTS'<br>MOTIONS TO DISMISS, DENYING<br>PLAINTIFF'S MOTION TO RECUSE,<br>AND DECLARING PLAINTIFF A<br>VEXATIOUS LITIGANT** |

Before the Court are: (1) motions to dismiss filed by defendants Countrywide Home

Loans, Inc. ("Countrywide"), ReconTrust Company, N.A. ("ReconTrust"), Select Portfolio

Servicing, Inc. ("SPS"), The Bank of New York Mellon fka The Bank of New York, as Trustee

for the Certificateholders CWALT, Inc. Alternative Loan Trust 2005-62 Mortgage Pass-Through

Certificates, Series 2005-62 ("BONY"), and Mortgage Electronic Registration Systems, Inc.

("MERS") (collectively, "Defendants"), ECF Nos. 20, 23;[1] (2) a motion to recuse filed by pro se

plaintiff Fareed Sepehry-Fard ("Plaintiff"), ECF Nos. 32, 37; (3) various other motions filed by

---

[1] Unless otherwise indicated, all ECF references are from the docket of No. 14-5142.

1

Plaintiff, ECF Nos. 19, 33, 44, 51; and (4) the Court's order to show cause why Plaintiff should not be declared a vexatious litigant, ECF No. 28.

The Court finds these matters suitable for decision without oral argument under Civil Local Rule 7-1(b) and hereby VACATES the hearing on the order to show cause set for March 12, 2015, and the hearing on the motions to dismiss set for May 28, 2015.  Having considered the submissions of the parties, the relevant law, and the record in this case, the Court hereby GRANTS Defendants' motions to dismiss, DENIES Plaintiff's motion to recuse, DENIES as moot Plaintiff's other motions, and DECLARES Plaintiff a vexatious litigant.

## I.     BACKGROUND

### A.  Factual Background

Although Plaintiff's complaint alleges few cognizable facts, the following can be gleaned from the judicially noticeable record[2]:

Plaintiff acquired sole title to the real property at 18314 Baylor Avenue, Saratoga, California 95070 (the "Property") in May 2004.  In September 2005, Plaintiff refinanced the Property with two mortgage loans.  ECF Nos. 24-1, 24-2.  As evidenced by the deeds of trusts recorded on September 26, 2005, the first loan from Countrywide was for $808,800.00.  ECF No. 24-1 at 2, 4.  The second loan was from Countrywide Bank in the amount of $167,000.00 (collectively, with the first loan, the "Notes").  ECF No. 24-2 at 2-4.  MERS was the "beneficiary" of the Notes.  ECF No. 24-1 at 4; ECF No. 24-2 at 3.

---

[2] The Court GRANTS Defendants' requests for judicial notice of documents related to the real property at issue in this case, including documents filed in prior lawsuits involving Plaintiff. ECF Nos. 21, 24.  The district court may take notice of facts not subject to reasonable dispute that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  Moreover, court documents already in the public record and documents filed in other courts are proper subjects of judicial notice.  *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).  The Court concludes that the public documents submitted by Defendants are not subject to reasonable dispute and are therefore appropriate for judicial notice.  *See Monet v. Chase Home Fin. LLC*, No. 10-CV-00135-LHK, 2011 WL 3740817, at *1 (N.D. Cal. Aug. 23, 2011) (taking judicial notice of similar documents).

2

United States District Court
Northern District of California

On March 11, 2010, MERS recorded an assignment of the first deed of trust whereby BONY became the beneficiary.  ECF No. 24-3.  On July 16, 2012, MERS recorded an assignment of the second deed of trust whereby BONY once again became the beneficiary.  ECF No. 24-4.  Eventually, Plaintiff paid off the second loan, and a full reconveyance was recorded on September 25, 2012.  ECF No. 24-5.

Plaintiff, however, fell behind on repaying the first loan.  *See* ECF No. 1-1 ("Compl.") ¶ 196 (admitting that "payments were not made by Plaintiff").  As a result, a notice of default was recorded on February 18, 2010.  ECF No. 24-6.  That notice was rescinded on July 22, 2010.  ECF No. 24-7.  Defendants represent that, at the present time, there are no foreclosure proceedings pending against the Property.  ECF No. 23 at 2.

**B.  Procedural History**

This is the eighth foreclosure-related lawsuit Plaintiff has filed, and the fourth relating to the Property.  Plaintiff's four other foreclosure-related lawsuits involve another property located at 12309 Saratoga Creek Drive, Saratoga, California 95070.  Although this second property is not the subject of this order, the Court notes that Plaintiff's lawsuits surrounding that property raise claims and theories of liability virtually identical to those he has raised with respect to the Property.

On September 28, 2011, Plaintiff filed his first action concerning the Property in Santa Clara County Superior Court.  *See Sepehry-Fard v. Bank of N.Y. Mellon et al.*, No. 1-11-CV-210028 (Cal. Super. Ct.).  The action was brought against BONY, Plaintiff's then and current lender, and Bank of America, Plaintiff's then-servicer, among others.  ECF No. 24-8.  After granting Plaintiff leave to amend, the state trial court sustained the defendants' demurrer to Plaintiff's first amended complaint in an order filed on January 4, 2013.  ECF No. 24-9.  The court reviewed and rejected Plaintiff's two theories of liability—that securitization of a mortgage renders the loan unenforceable and that a borrower may challenge a foreclosing party's standing to foreclose.  *Id.* at 2.  In so ruling, the trial court dismissed Plaintiff's causes of action for declaratory relief, negligence, quasi-contract, and accounting, as well as his causes of action under

United States District Court
Northern District of California

1    the federal Real Estate Settlement Procedures Act ("RESPA"), the federal Fair Debt Collection

2    Practices Act ("FDCPA"), and California's Unfair Competition Law ("UCL").  *Id.* at 3-5.

3    Plaintiff's appeal of that order—case number H039493—remains pending in California's Sixth

4    District Court of Appeal.

5         Plaintiff filed his second foreclosure-related action concerning the Property on March 14,

6    2012, this time in federal court.  *See Sepehry-Fard v. Bank of N.Y. Mellon, N.A.* ("*Sepehry-Fard*

7    *I*"), No. 5:12-CV-1260 LHK, 2013 WL 4030837, at *2 (N.D. Cal. Aug. 5, 2013).  In that action,

8    presided over by the undersigned, Plaintiff once again sued BONY and Bank of America, among

9    others.  *Id.* at *1.  Although styled as a civil rights lawsuit brought under 42 U.S.C. §§ 1983, 1985,

10   ECF No. 24-10, "[t]he gravamen of [Plaintiff's] Complaint was that Defendants were attempting

11   to illegally foreclose on the Property," *Sepehry-Fard I*, 2013 WL 4030837, at *2.  Liberally

12   construing Plaintiff's complaint, this Court "surmise[d] that [Plaintiff] is attempting to allege that

13   Defendants lacked the authority to foreclose on the Property because certain signatures on the

14   documents assigning the First Deed of Trust to Defendant Bank of New York were forged or

15   otherwise fraudulent."  *Id.* at *8.  Ultimately, this Court granted two motions to dismiss for failure

16   to state a claim and entered an order of dismissal on August 5, 2013.  *Id.* at *9; *see also Sepehry-*

17   *Fard I*, 2012 WL 4717870, at *3-4 (N.D. Cal. Oct. 2, 2012) (granting the first motion to dismiss).

18   Plaintiff then filed a motion to alter or amend the judgment, which this Court denied on February

19   3, 2014.  *See Sepehry-Fard I*, 2014 WL 460895 (N.D. Cal. Feb. 3, 2014).  Plaintiff appealed, and

20   the Ninth Circuit unanimously affirmed this Court's ruling in a summary disposition.  *See*

21   *Sepehry-Fard I*, 588 F. App'x 685, 686 (9th Cir. 2014).

22        Plaintiff filed his third lawsuit concerning the Property on December 12, 2013.  In that

23   action, Plaintiff sued all Defendants here except for SPS.  *Sepehry-Fard v. Countrywide Home*

24   *Loans. Inc.* ("*Sepehry-Fard II*"), No. 13-CV-05769-BLF, 2014 WL 2707738, at *1 (N.D. Cal.

25   June 13, 2014).  On June 13, 2014, Judge Freeman dismissed Plaintiff's lawsuit, which advanced a

26   single state law quiet title claim, for want of subject matter jurisdiction.  *Id.* at *3-6.  In so doing,

27                                                        4

United States District Court
Northern District of California

Judge Freeman noted that "after the briefing on Defendants' motions to dismiss had concluded," Plaintiff filed a motion for leave to amend seeking "to add thirteen additional claims against all Defendants," including claims under the federal Telephone Consumer Protection Act of 1991 ("TCPA"), the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), the federal Truth in Lending Act ("TILA"), FDCPA, RESPA, and 42 U.S.C. §§ 1981-1982. *Id.* at *2. Declining to consider Plaintiff's untimely federal claims, Judge Freeman explained that "Plaintiff's invocation of a myriad of federal statutes in the proposed FAC in an apparent attempt to recharacterize the primary issue and convince the Court to retain jurisdiction does not suffice to confer jurisdiction where there was none." *Id.* at *5. On August 4, 2014, Judge Freeman denied reconsideration. *See Sepehry-Fard II*, 2014 WL 3821544 (N.D. Cal. Aug. 4, 2014).

Undeterred, Plaintiff filed the instant lawsuit on November 20, 2014—his fourth relating to the Property. ECF Nos. 1, 4. As with Plaintiff's previous suits, it is difficult to discern precisely what Plaintiff is alleging in his 122-page complaint (over 600 pages including exhibits). In fact, at one point Plaintiff goes so far as to accuse Defendants of murder. Compl. ¶ 18. Nevertheless, the gravamen of Plaintiff's complaint, liberally construed, appears once more to be that Defendants have threatened to foreclose on the Property illegally. *See id.* ¶ 2 ("This is a civil action for Quite [sic] Title, immediate injunction relief, declaratory relief and award of Plaintiff's actual and punitive damages for Defendants' unlawfully clouding the title to Plaintiff's real property . . . ."); *id.* (alleging violations of federal and state law based on the "threat of foreclosure when no money is due to any of the Defendants"). In addition, Plaintiff formally asserts 32 causes of action against Defendants, including various tort claims and alleged violations of RICO, TILA, FDCPA, RESPA, and California's UCL. *Id.* ¶ 11.

On January 29, 2015, Defendants filed their motions to dismiss. ECF No. 20 (motion brought by SPS, BONY, and MERS); ECF No. 23 (motion brought by Countrywide and ReconTrust). Plaintiff's "Consolidated Response," filed on February 12, 2015, did not address any of the arguments raised in Defendants' motions. ECF No. 40. Defendants replied on

United States District Court
Northern District of California

February 18, 2015, ECF No. 49 (reply of SPS, BONY, and MERS), and February 19, 2015, ECF No. 50 (reply of Countrywide and ReconTrust).

On January 30, 2015, the Court issued an order to show cause why Plaintiff should not be declared a vexatious litigant. ECF No. 28. The order gave Plaintiff until February 13, 2015, to file a written response of up to fifteen pages in length and scheduled a hearing for May 28, 2015. *Id.* at 2. Plaintiff filed a one-sentence response on February 13, 2015, stating: "This Affidavit/Declaration of Truth is lawful notification that I am not a vexatious litigant and is hereby made and filed in court of records." ECF No. 43 at 1. On February 16, 2015, the Court advanced the hearing on the order to show cause to March 12, 2015. ECF No. 42. Defendants filed their own responses on February 18, 2015, ECF No. 48 (response of SPS, BONY, and MERS), and February 20, 2015, ECF No. 52 (response of Countrywide and ReconTrust).

On February 2, 2015, Plaintiff filed a motion to recuse, requesting that the undersigned recuse herself under 28 U.S.C. § 144. ECF No. 32; *see also* ECF No. 37 (identical motion to recuse was filed again on February 4, 2015). Defendants opposed the motion on February 12, 2015, ECF No. 39 (opposition of SPS, BONY, and MERS), and February 17, 2015, ECF No. 46 (opposition of Countrywide and ReconTrust).[3]

## II.    DISCUSSION

In their motions to dismiss, Defendants argue that Plaintiff's complaint should be dismissed on res judicata grounds. ECF No. 20 at 3-5; ECF No. 23 at 5-8. Plaintiff does not contend otherwise. ECF No. 40. In his motion to recuse, Plaintiff argues that the undersigned should recuse herself because "[t]he personal bias or prejudice of judge KOH will deprive Plaintiff of a fair trial in violation of the Due Process Clause." ECF No. 32 ¶ 6. Finally, the Court's order

---

[3] Beginning on February 17, 2015, Plaintiff has filed several documents improperly noticed before Chief Judge Phyllis J. Hamilton, who is not assigned any of Plaintiff's cases. Such documents include a motion to hold Defendants and the undersigned in contempt and a motion to stay Defendants' motions to dismiss and the undersigned's order to show cause. *See* ECF Nos. 44, 45, 47, 51, 55.

Case No.: 14-CV-05142-LHK
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS, DENYING PLAINTIFF'S MOTION TO RECUSE, AND DECLARING PLAINTIFF A VEXATIOUS LITIGANT

United States District Court
Northern District of California

1    to show cause requested that Plaintiff, in light of his "pattern of filing voluminous, frivolous

2    lawsuits in this district, . . . show cause why the Court should not declare him a vexatious litigant."

3    ECF No. 28 at 2.  The Court proceeds to each in turn.

### A. Motions to Dismiss: Res Judicata

5        "Res judicata, or claim preclusion, prohibits lawsuits on any claims that were raised or

6    could have been raised in a prior action."  *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir.

7    2002) (emphasis omitted).  To determine the res judicata effect of *Sepehry-Fard I* and *Sepehry-*

8    *Fard II* on the instant lawsuit, the Court looks to whether "there is (1) an identity of claims, (2) a

9    final judgment on the merits, and (3) privity between parties."  *United States v. Liquidators of Eur.*

10   *Fed. Credit Bank*, 630 F.3d 1139, 1150 (9th Cir. 2011).  Plaintiff does not dispute that all three

11   prongs are met here.

### 1. Identity of Claims

13       To decide if there is identity of claims, courts in the Ninth Circuit apply four criteria: "(1)

14   whether rights or interests established in the prior judgment would be destroyed or impaired by

15   prosecution of the second action; (2) whether substantially the same evidence is presented in the

16   two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the

17   two suits arise out of the same transactional nucleus of facts."  *Liquidators*, 630 F.3d at 1150

18   (quoting *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982)).  The fourth

19   criterion is the most important.  *Id.*  "Whether two events are part of the same transaction or series

20   depends on whether they are related to the same set of facts and whether they could conveniently

21   be tried together."  *Int'l Union of Operating Eng'rs-Emps. Constr. Indus. Pension, Welfare &*

22   *Training Trust Funds v. Karr*, 994 F.2d 1426, 1429 (9th Cir. 1993) (internal quotation marks

23   omitted).

24       Plaintiff's complaint in this case arises out of the same transactional nucleus of facts at

25   issue in *Sepehry-Fard I* and *Sepehry-Fard II*.  In both prior actions, Plaintiff filed suit based on his

26   allegations that the assignment between MERS and BONY was fraudulent, that the extant loan

27                                                          7

28   Case No.: 14-CV-05142-LHK
     ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS, DENYING PLAINTIFF'S MOTION TO
     RECUSE, AND DECLARING PLAINTIFF A VEXATIOUS LITIGANT

United States District Court
Northern District of California

was improperly securitized, and that the defendants were seeking to foreclose on the Property illegally. *See Sepehry-Fard II*, 2014 WL 2707738, at *2 (explaining that Plaintiff alleged "that the assignment between MERS and BONY was either invalid or fraudulent," "that the securitization of his Notes discharged any debt owed thereunder," and that "Defendants do not have standing to enforce the Notes because they are not 'real parties in interest' or 'holder[s] in due course'" (alteration in original) (citations omitted)); *Sepehry-Fard I*, 2013 WL 4030837, at *2 (explaining that Plaintiff alleged "that the assignment between MERS and Bank of New York was fraudulent, in particular because the signatures of the notaries notarizing the assignments were forged," "that, to the extent Defendants sought to collect upon the Notes, Defendants were attempting to collect upon a loan to which they were not the true 'beneficiary,'" and that "Defendants have illegally attempted to foreclose on his property" (citations omitted)).

The same is true here. Now, as before, Plaintiff alleges that the assignment between MERS and BONY was invalid and fraudulent, Compl. ¶¶ 147, 152; that all title documents recorded by Defendants in Santa Clara County have been forged, *id.* ¶¶ 155-59; that Defendants are not the true beneficiaries of the deed of trust or real parties in interest, *id.* ¶¶ 101-11; that the loan was improperly securitized, *id.* ¶¶ 98, 184; and that Defendants are threatening to foreclose on the Property illegally, *id.* ¶¶ 2, 127-30. It matters not that Plaintiff has added a host of new causes of action to his complaint in this lawsuit because "[n]ewly articulated claims based on the same nucleus of facts may still be subject to a res judicata finding if the claims could have been brought in the earlier action." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1078 (9th Cir. 2003). As Plaintiff could have—and did—bring claims based on these same allegations in his prior federal court lawsuits, the identity of claims prong is satisfied.

### 2.  Final Judgment on the Merits

"An involuntary dismissal generally acts as a judgment on the merits for the purposes of *res judicata . . . .*" *In re Schimmels*, 127 F.3d 875, 884 (9th Cir. 1997). There can be no doubt that Plaintiff's complaints in *Sepehry-Fard I* and *Sepehry-Fard II* were involuntarily dismissed.

8

United States District Court
Northern District of California

1    *See Sepehry-Fard II*, 2014 WL 2707738, at *6 (order dismissing the complaint without leave to

2    amend); *Sepehry-Fard I*, 2013 WL 4030837, at *9 (same).  These dismissals amount to final

3    judgments on the merits for purposes of res judicata.  The second prong, therefore, is plainly

4    satisfied.

5         **3.  Privity**

6         Lastly, the Court looks at whether the prior actions and the current lawsuit involve parties

7    in privity with each other.  The Ninth Circuit has defined privity in the res judicata context as "a

8    legal conclusion 'designating a person so identified in interest with a party to former litigation that

9    he represents precisely the same right in respect to the subject matter involved.'"  *In re Schimmels*,

10   127 F.3d at 881 (quoting *Sw. Airlines Co. v. Tex. Int'l Airlines, Inc.*, 546 F.2d 84, 94 (5th Cir.

11   1977)).  Privity exists if "there is sufficient commonality of interest."  *Tahoe-Sierra*, 322 F.3d at

12   1081 (internal quotation marks omitted).

13        Here, privity is easily established.  Plaintiff was the complainant in both prior federal

14   lawsuits.  BONY was a defendant in both *Sepehry-Fard I* and *Sepehry-Fard II*.  Countrywide,

15   ReconTrust, and MERS were defendants in *Sepehry-Fard II*.  *See Liquidators*, 630 F.3d at 1150

16   (privity established where parties are identical).  SPS, the current servicer of Plaintiff's loan, is the

17   only defendant Plaintiff has not previously sued in federal court over the Property.  However, SPS

18   is in privity with the defendants in the prior actions because SPS shares a sufficient commonality

19   of interest with those defendants, including Bank of America, SPS's predecessor loan servicer that

20   Plaintiff sued in *Sepehry-Fard I.  See, e.g., Lee v. Thornburg Mortg. Home Loans Inc.*, No. 14-

21   CV-00602 NC, 2014 WL 4953966, at *6 (N.D. Cal. Sept. 29, 2014) (finding SPS to be in privity

22   with original lender, nominee, and trustee sued in prior lawsuit); *Barnes v. Homeward Residential,

23   Inc.*, No. 13-3227 SC, 2013 WL 5217393, at *3 (N.D. Cal. Sept. 17, 2013) (holding that privity

24   exists for res judicata purposes between "the servicer of the mortgage on the Property," "the

25   former and current holders of the beneficial interest of the [deed of trust] securing the mortgage,"

26   and "the substitute trustee on the [deed]").

27                                                    9

28

United States District Court
Northern District of California

### 4.  Conclusion

In light of the foregoing, the Court concludes that Plaintiff's claims are barred by the doctrine of res judicata.  *See Sepehry-Fard v. Nationstar Mortg. LLC*, No. 14-CV-03218-LHK, 2015 WL 332202, at *9-15 (N.D. Cal. Jan. 26, 2015) (explaining in detail how the vast majority of Plaintiff's claims were barred by the doctrine of res judicata in a very similar lawsuit brought with respect to Plaintiff's other Saratoga property).  Accordingly, the Court GRANTS Defendants' motions to dismiss.

Considering Plaintiff's pattern of filing serial lawsuits arising out of the same nucleus of facts and with respect to the same Property, the Court concludes that allowing leave to amend would be futile in this case.  *See Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010) (explaining that "the district court may exercise its discretion to deny leave to amend due to . . . futility of amendment" (internal quotation marks omitted)).  As a result, the motions to dismiss are granted without leave to file an amended complaint.

### B.  Motion to Recuse

Motions to recuse a judge from presiding in a given case fall under two statutory provisions: 28 U.S.C. § 144 and 28 U.S.C. § 455.  *See United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980).  Section 144, the provision at issue here, provides for recusal where a party files a timely and sufficient affidavit averring that the judge before whom the matter is pending has a personal bias or prejudice either against the party or in favor of an adverse party, and setting forth the facts and reasons for such belief.  28 U.S.C. § 144.  To be legally sufficient, the section 144 affidavit must show (1) that the judge's bias or prejudice stems from an extrajudicial source, (2) that the bias or prejudice may prevent a fair decision on the merits, and (3) that the allegation of bias or prejudice is sufficiently substantiated to support the claim.  *United States v. Azhocar*, 581 F.2d 735, 739-40 (9th Cir. 1978).  Under section 144, "the substantive standard is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned."  *Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008)

Case No.: 14-CV-05142-LHK
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS, DENYING PLAINTIFF'S MOTION TO RECUSE, AND DECLARING PLAINTIFF A VEXATIOUS LITIGANT

1    (alteration and internal quotation marks omitted).

2         The Court concludes that Plaintiff has not met his burden.  To start, Plaintiff provides no

3    basis for a reasonable observer to find that the undersigned has displayed any bias or prejudice

4    stemming from an extrajudicial source.  Although Plaintiff alleges vaguely that the undersigned

5    has engaged in forms of "misconduct . . . too many to list here" and "has testified for pretender

6    lenders," ECF No. 40 ¶ 6, Plaintiff spends only one line in his motion claiming that "Judge KOH's

7    bias or prejudice stems from an extrajudicial source," *id.* ¶ 7b.  Such "conclusory allegations," the

8    Ninth Circuit has held, "are insufficient to support a claim of bias or prejudice such that recusal is

9    required."  *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 566 (9th Cir. 1995).

10        Contrary to the suggestion implied by Plaintiff's motion, the Court, having now presided

11   over three of Plaintiff's foreclosure-related lawsuits involving two of his properties, has gone to

12   great lengths to ensure that Plaintiff, as a pro se litigant, has been afforded due process.  The Court

13   has liberally construed Plaintiff's complaints, referred him to self-help legal services, and granted

14   him leave to amend where appropriate.  *See, e.g.*, *Sepehry-Fard I*, 2013 WL 4030837, at *8

15   ("liberally construing" Plaintiff's complaint); *Sepehry-Fard I*, 2012 WL 4717870, at *1 n.1

16   (advising Plaintiff "to sign up for an appointment with the Federal Legal Assistance Self-Help

17   Center ('FLASH') at the San Jose Courthouse"); *id.* at *4 (granting Plaintiff leave to file an

18   amended complaint within twenty-one days).  Plaintiff similarly alleged that the undersigned was

19   biased in his appeal of the undersigned's *Sepehry-Fard I* order to the Ninth Circuit.  The Ninth

20   Circuit expressly "reject[ed] as without merit [Plaintiff's] contentions concerning alleged judicial

21   bias."  588 F. App'x at 686.

22        In return, Plaintiff has not only renewed the judicial bias allegation rejected by the Ninth

23   Circuit in *Sepehry-Fard I*, ECF Nos. 32, 37, but he has filed an application to hold the

24   undersigned, whom Plaintiff refers to therein as "Respondent Judge LUCY H. KOH," in "civil

25   contempt," ECF No. 44.  While the Court understands that Plaintiff may not be pleased with the

26   Court's rulings in this case and others, adverse "judicial rulings alone almost never constitute a

27                                                    11

28   Case No.: 14-CV-05142-LHK
     ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS, DENYING PLAINTIFF'S MOTION TO
     RECUSE, AND DECLARING PLAINTIFF A VEXATIOUS LITIGANT

United States District Court
Northern District of California

valid basis for a bias or partiality motion." *Pesnell*, 543 F.3d at 1044 (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)).  As Plaintiff has failed to establish any basis to conclude that the Court's "impartiality might reasonably be questioned," *id.* at 1043, the Court DENIES Plaintiff's motion to recuse.

### C. Vexatious Litigant

District courts have the inherent power under the All Writs Act to declare a party a vexatious litigant and impose upon him appropriate pre-filing restrictions.  *See Ringgold-Lockhart v. Cnty. of L.A.*, 761 F.3d 1057, 1061 (9th Cir. 2014) (citing 28 U.S.C. § 1651(a)).  "Out of regard for the constitutional underpinnings of the right to court access, 'pre-filing orders should rarely be filed.'"  *Id.* at 1062 (quoting *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990)).  "Nevertheless, 'flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants.'"  *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (quoting *De Long*, 912 F.2d at 1148).

"When district courts seek to impose pre-filing restrictions, they must: (1) give litigants notice and 'an opportunity to oppose the order before it [is] entered'; (2) compile an adequate record for appellate review, including 'a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed'; (3) make substantive findings of frivolousness or harassment; and (4) tailor the order narrowly so as 'to closely fit the specific vice encountered.'"  *Ringgold-Lockhart*, 761 F.3d at 1062 (alteration in original) (quoting *De Long*, 912 F.2d at 1147-48).  "The first and second of these requirements are procedural, while the latter two factors are substantive considerations that help the district court define who is, in fact, a vexatious litigant and construct a remedy that will stop the litigant's abusive behavior while not unduly infringing the litigant's right to access the courts."  *Id.* (alterations and internal quotation marks omitted).  The Court addresses each requirement in turn.

#### 1. Notice and Opportunity to Oppose

12

United States District Court
Northern District of California

United States District Court
Northern District of California

The first requirement is satisfied where the litigant is provided "notice" and "an opportunity to oppose the order before it is entered." *Ringgold-Lockhart*, 761 F.3d at 1062 (brackets and internal quotation marks omitted).  An in-person hearing is not required.  *See Ou-Young v. Roberts*, No. C-13-4442 EMC, 2013 WL 6732118, at *8 (N.D. Cal. Dec. 20, 2013) (collecting cases); *see also, e.g.*, *Reddy v. MedQuist, Inc.*, No. CV 12-01324 PSG, 2012 WL 6020010, at *3 (N.D. Cal. Dec. 3, 2012) ("The requirement that the plaintiff receive an opportunity to be heard does not require an oral hearing; 'the opportunity to brief the issue fully satisfies due process requirements.'" (quoting *Molski*, 500 F.3d at 1059)).

This requirement has been met here.  On January 30, 2015, the Court issued an order to show cause why Plaintiff should not be declared a vexatious litigant.  ECF No. 28.  The order stated:

> In light of Plaintiff's pattern of filing voluminous, frivolous lawsuits in this district, the Court hereby ORDERS Plaintiff to show cause why the Court should not declare him a vexatious litigant.  Plaintiff shall do so by February 13, 2015, in a written filing not to exceed fifteen (15) pages in length.  Defendants may file a single response not to exceed ten (10) pages in length by February 20, 2015.  A hearing on this Order to Show Cause is hereby set for May 28, 2015, at 1:30 p.m.

*Id.* at 2 (citations omitted).  A copy of that order was mailed to Plaintiff's address on February 2, 2015.  Plaintiff was therefore on notice that the Court may declare him a vexatious litigant.[4]

Furthermore, Plaintiff was afforded an opportunity to file a written opposition, ECF No. 28 at 2, and he did in fact file one on February 13, 2015, ECF No. 43.  Rather than make use of the fifteen pages the Court had provided him, Plaintiff filed a one-sentence response: "This Affidavit/Declaration of Truth is lawful notification that I am not a vexatious litigant and is hereby made and filed in court of records."  ECF No. 43 at 1.  Plaintiff, who is no stranger to lengthy filings, had his opportunity and elected not to address the Court's concerns.

## 2.  Adequate Record for Review

---

[4] Plaintiff was given a second notice when, on February 16, 2015, the Court advanced the hearing date on the order to show cause to March 12, 2015.  ECF No. 42.

Case No.: 14-CV-05142-LHK
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS, DENYING PLAINTIFF'S MOTION TO
RECUSE, AND DECLARING PLAINTIFF A VEXATIOUS LITIGANT

"An adequate record for review should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed." *De Long*, 912 F.2d at 1147. "At the least," the Ninth Circuit has explained, "the record needs to show, in some manner, that the litigant's activities were numerous or abusive." *Id.* The Court has already detailed several of Plaintiff's prior lawsuits that have compelled the Court to declare Plaintiff a vexatious litigant. To complete the record, however, the Court will briefly recount Plaintiff's litigation history.

The Court is aware of eleven lawsuits that Plaintiff has filed since September 23, 2011. As relevant here, eight of those have been foreclosure-related actions concerning two properties Plaintiff owns in Saratoga, California: *Sepehry-Fard v. Select Portfolio Servicing, Inc. et al.*, No. 14-CV-5142-LHK (N.D. Cal.); *Sepehry-Fard v. Nationstar Mortg. LLC et al.*, No. 14-CV-3218-LHK (N.D. Cal.); *Sepehry-Fard v. Countrywide Home Loans, Inc. et al.*, No. 13-CV-5769-BLF (N.D. Cal.); *Sepehry-Fard v. GreenPoint Mortg. Funding, Inc. et al.*, No. 13-CV-4535-EJD (N.D. Cal.); *Sepehry-Fard v. Bank of N.Y. Mellon et al.*, No. 12-CV-1260-LHK (N.D. Cal.); *Sepehry-Fard v. Aurora Bank FSB et al.*, No. 12-CV-0871-EJD (N.D. Cal.); *Sepehry-Fard v. Bank of N.Y. Mellon et al.*, No. 1-11-CV-210028 (Cal. Super. Ct.); *Sepehry-Fard v. Aurora Bank FSB et al.*, No. 1-11-CV-209804 (Cal. Super. Ct.).[5] Of those eight lawsuits, four, including this one, have involved the Property: *Sepehry-Fard v. Select Portfolio Servicing, Inc. et al.*, No. 14-CV-5142-LHK (N.D. Cal.); *Sepehry-Fard v. Countrywide Home Loans, Inc. et al.*, No. 13-CV-5769-BLF (N.D. Cal.); *Sepehry-Fard v. Bank of N.Y. Mellon et al.*, No. 12-CV-1260-LHK (N.D. Cal.); *Sepehry-Fard v. Bank of N.Y. Mellon et al.*, No. 1-11-CV-210028 (Cal. Super. Ct.). The Ninth Circuit has summarily affirmed dismissals of Plaintiff's lawsuits as to both properties. *See Sepehry-Fard v. Bank of N.Y. Mellon et al.*, No. 13-16674 (9th Cir. Dec. 18, 2014); *Sepehry-Fard*

---

[5] In addition to these eight, Plaintiff has filed three other federal lawsuits in this district: *Sepehry-Fard v. Oregon*, No. 14-CV-2444-EJD (N.D. Cal.) (suit to void a criminal conviction); *Sepehry-Fard v. Dep't Stores Nat'l Bank et al.*, No. 13-CV-3131-WHO (N.D. Cal.) (suit against debt collectors); *Sepehry-Fard v. Mercedes-Benz Fin. Servs.*, No. 13-CV-2784-BLF (N.D. Cal.) (suit against collector on automobile loan).

14

Case No.: 14-CV-05142-LHK
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS, DENYING PLAINTIFF'S MOTION TO RECUSE, AND DECLARING PLAINTIFF A VEXATIOUS LITIGANT

United States District Court
Northern District of California

1    *v. Aurora Bank FSB et al.*, No. 13-15307 (9th Cir. Dec. 18, 2014).

2         As far as motions, one need only highlight the plethora of frivolous motions Plaintiff has

3    filed in his two most recent actions, both of which this Court has overseen.  In the instant case, for

4    example, Plaintiff has filed multiple motions to strike and motions to recuse, in addition to a

5    motion to hold the undersigned in civil contempt and a "Verified Criminal Complaint and Demand

6    for Immediate Investigation."  *See* ECF Nos. 19, 31, 32, 33, 37, 44, 51.  Further, in *Sepehry-Fard*

7    *v. Nationstar Mortgage LLC et al.*, No. 14-CV-3218-LHK (N.D. Cal.), Plaintiff's most recent

8    lawsuit relating to the other Saratoga property, Plaintiff filed a motion to disqualify counsel, a

9    motion for sanctions, a motion for the Court to "Assist in Finding the Creditor," a handful of

10   notices of attorney fraud, a criminal complaint, and a "Motion and Demand from Court to

11   Facilitate an American Grand Jury to Prosecute all Defendants and Their Alleged Attorneys,"

12   among others.  *See* No. 14-3218, ECF Nos. 31, 32, 45, 84, 85, 87, 94, 104, 107, 127.

13        This record, the Court concludes, is adequate for review.  *See Maxwell v. MOAB Inv. Grp.,*

14   *LLC*, No. 14-CV-03095-WHO, 2014 WL 4757429, at *5 (N.D. Cal. Sept. 24, 2014) (finding the

15   second requirement met where "[t]he relevant state, federal and bankruptcy court actions filed by

16   the Maxwells [had been] discussed above").

17        **3.  Substantive Findings**

18        Before declaring a party vexatious, a district court must make a substantive finding that the

19   party's litigation has been either frivolous or harassing.  *Ringgold-Lockhart*, 761 F.3d at 1064.

20   "To determine whether the litigation is frivolous, district courts must look at both the number and

21   content of the filings as indicia of the frivolousness of the litigant's claims."  *Id.* (internal

22   quotation marks omitted).  There is no numerical baseline for frivolousness, but a district court

23   must find that the litigant has filed an "inordinate" number of actions.  *Id.*  "Litigiousness alone,"

24   the Ninth Circuit has said, "is not enough."  *Id.*  As to the content of the filings, the party's claims

25   must "be patently without merit."  *Id.* (internal quotation marks omitted).  Litigation is harassing,

26   moreover, where "the litigant's filings show a pattern of harassment."  *Id.* (internal quotation

27                                                    15

marks omitted).  Courts should "be careful not to conclude that particular types of actions filed

repetitiously are harassing, and must instead discern whether the filing of several similar types of

actions constitutes an intent to harass the defendant or the court." *Id.* (alterations and internal

quotation marks omitted).

In addition, the Ninth Circuit has identified five factors courts should consider in

determining whether a party's litigation qualifies as frivolous or harassing:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious,
> harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation,
> e.g., does the litigant have an objective good faith expectation of prevailing?;
> (3) whether the litigant is represented by counsel; (4) whether the litigant has
> caused needless expense to other parties or has posed an unnecessary burden on the
> courts and their personnel; and (5) whether other sanctions would be adequate to
> protect the courts and other parties.

*Ringgold-Lockhart*, 761 F.3d at 1062 (internal quotation marks omitted).  "The final

consideration," says the Court of Appeals, "is particularly important."  *Id.*

Having considered these five factors, as well as the standards detailed above, the Court

concludes that Plaintiff is a vexatious litigant.  The first factor weighs heavily in favor of declaring

Plaintiff vexatious.  Again, Plaintiff has filed at least eight lawsuits aimed at delaying nonjudicial

foreclosure proceedings on the two properties he owns in Saratoga, California.  Four of the

lawsuits, this one included, have involved the Property.  Plaintiff has not prevailed in any.  Indeed,

they have all been "patently without merit." *Ringgold-Lockhart*, 761 F.3d at 1064 (internal

quotation marks omitted).  What's more, the Court has observed that with each new lawsuit

Plaintiff's basic allegations remain the same—to wit, that his lenders and loan servicers are

attempting to foreclose on his property illegally because his loan was improperly securitized—but

the number of causes of action asserted increases.  As a result, Plaintiff's complaints relating to the

Property have become more unwieldy with each round of filing.  *Compare* ECF No. 1 (complaint

here listing 32 causes of action across 122 pages, excluding exhibits), *with* No. 13-5769, ECF No.

56 (amended complaint listing 14 causes of action across 124 pages, including exhibits), *and* No.

Case No.: 14-CV-05142-LHK
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS, DENYING PLAINTIFF'S MOTION TO
RECUSE, AND DECLARING PLAINTIFF A VEXATIOUS LITIGANT

United States District Court
Northern District of California

1   12-1260, ECF No. 1 (complaint listing 4 causes of action across 97 pages).  The same is true with

2   regard to Plaintiff's lawsuits involving his other Saratoga property, which have been equally

3   frivolous in nature.  *Compare* No. 14-3218, ECF No. 1 (complaint listing 24 causes of action

4   across 83 pages), *with* No. 13-4535, ECF No. 1 (complaint spanning 66 pages), *and* No. 12-0871,

5   ECF No. 50 (amended complaint spanning 42 pages).

6         That Plaintiff has *only* filed eight foreclosure-related lawsuits—eleven lawsuits in total—

7   does not undermine the Court's conclusion.  *See Ou-Young*, 2013 WL 6732118, at *9 (declaring

8   plaintiff vexatious based on five lawsuits).  As Judge Chen explained, "while the number of filings

9   here . . . does not establish Plaintiff as vexatious *per se*, the patently meritless nature of his filings

10   and motions do."  *Id.*  So too here.  Despite repeated warnings from judges in this district that

11   Plaintiff's meritless theory of liability has been rejected, Plaintiff continues to file lawsuits

12   premised on the same allegations.  *See, e.g.*, *Sepehry-Fard*, 2015 WL 332202, at *18 (explaining

13   that Plaintiff's "theory has been consistently rejected by district courts").  More troubling still is

14   the voluminous nature of Plaintiff's filings and motions, which often number in the hundreds of

15   pages.  *See, e.g.*, ECF No. 1 (122-page complaint); ECF No. 4 (478 pages of additional exhibits to

16   complaint); ECF No. 19 (673-page motion to strike); *see also* No. 14-3218, ECF No. 125 (520-

17   page motion to strike).  On this basis, the Court finds that Plaintiff's filings have been

18   "inordinate."  *Ringgold-Lockhart*, 761 F.3d at 1064.

19         The second factor also weighs in favor of declaring Plaintiff vexatious.  As in *Maxwell*,

20   where Judge Orrick recently declared two pro se plaintiffs vexatious, Plaintiff's "purpose in

21   continuing to litigate [his] precluded claims appears to be not to obtain legal recourse, but to delay

22   the foreclosure on [his] . . . home, harass the defendants, and frustrate the justice system."

23   *Maxwell*, 2014 WL 4757429, at *6 (brackets and internal quotation marks omitted).  The Court

24   agrees with Judge Orrick: "These are not proper motives for pursuing litigation. . . . The courts are

25   not vehicles for hindering proper foreclosure proceedings that occur due to the plaintiff['s] default

26   on [his] mortgage."  *Id.* (internal quotation marks omitted); *see also Nguyen v. Bank of Am. Nat'l*

27                                             17

28   Case No.: 14-CV-05142-LHK
    ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS, DENYING PLAINTIFF'S MOTION TO
    RECUSE, AND DECLARING PLAINTIFF A VEXATIOUS LITIGANT

1   *Ass'n*, No. 11-CV-03318-LHK, 2011 WL 5574917, at *11 (N.D. Cal. Nov. 15, 2011) (finding the

2   second factor met because "Plaintiff's apparently improper motive in pursuing litigation—to

3   prevent or delay foreclosure proceedings—and repeated voluntary dismissal of those claims

4   demonstrate a lack of good faith in bringing the actions").  Despite being given an opportunity to

5   defend his litigation tactics, ECF No. 28, Plaintiff filed a conclusory one-sentence response, ECF

6   No. 43, electing not to even attempt to disabuse the Court of its understanding that Plaintiff's

7   primary motive in pursuing litigation is to delay nonjudicial foreclosure proceedings.

8        The fourth factor strongly favors declaring Plaintiff a vexatious litigant.  Plaintiff "without

9   question" has "caused unnecessary expense to [his] opposing parties and ha[s] posed an

10  unnecessary burden on the courts."  *Maxwell*, 2014 WL 4757429, at *6.  Plaintiff is well aware of

11  this fact.  Three different judges, quoting *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996),

12  have cautioned him that "[p]rolix, confusing complaints such as the ones plaintiff[] filed in this

13  case impose unfair burdens on litigants and judges."  *See Sepehry-Fard II*, 2014 WL 2707738, at

14  *4 n.4 (Judge Freeman); *Sepehry-Fard v. Dep't Stores Nat'l Bank*, No. 13-CV-03131-WHO, 2013

15  WL 5537126, at *5 (N.D. Cal. Oct. 4, 2013) (Judge Orrick); *Sepehry-Fard I*, 2013 WL 4030837,

16  at *6 n.6 (Judge Koh).  Defendants, moreover, have had to ask for multiple extensions to respond

17  to Plaintiff's extensive, often inscrutable filings.  *See, e.g.*, ECF Nos. 5, 14.  Due to the frivolous

18  nature of Plaintiff's filings, Defendants end up wasting a great deal of resources responding to

19  them.

20       Further, Plaintiff's erratic, hostile behavior towards Defendants only exacerbates the

21  prejudice they have endured.  In their ex parte application to stay discovery, ECF No. 41, which

22  the Court granted, ECF No. 42, Defendants disclosed various email communications between

23  them and Plaintiff to illustrate the futility of attempting to comply with their discovery obligations.

24  For example, on January 8, 2015, counsel for SPS and BONY emailed Plaintiff to ask him to

25  stipulate to a one-week extension for Defendants to respond to Plaintiff's 122-page complaint.

26  ECF No. 41-1 at 5.  After counsel politely declined to accept the unreasonable conditions Plaintiff

27                                                      18

28  Case No.: 14-CV-05142-LHK
    ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS, DENYING PLAINTIFF'S MOTION TO
    RECUSE, AND DECLARING PLAINTIFF A VEXATIOUS LITIGANT

United States District Court
Northern District of California

had demanded in order to obtain his acquiescence, Plaintiff responded with the following tirade addressed to counsel:

> Do you have an Oath of Office?
>
> A no response or a non responsive response is your admission that you have no Oath of Office and are practicing law without a license.
>
> Please do remember that your BAR number is not worth the paper it is printed on when you admit that you have no Oath of Office.
>
> Also do remember that your continued abuse of color of law will not be of use to you and your co conspirators to continue to harm one of "We the People", we are in an At Law court not in an equity court, nor in a military court, nor in an admiralty court since my constitutional rights to my private property is not equity in an equity court, nor equity in a military court, nor equity in an admiralty court, instead I am seeking equity in an At Law court.
>
> You have three days from today to supply what is demanded of you or withdraw from the case or face the consequences of your criminal conduct under the law and to the full extend [sic] under the law if you continue to harm me and my family, [FAIR WARNING AND NOT A THREAT].

*Id.* at 3.  Needless to say, Plaintiff's inappropriate behavior, including his repeated attempts to file criminal charges against opposing counsel, has caused Defendants unnecessary cost and expense.

Plaintiff's actions have also adversely impacted the Court, which has had to process and respond to each of Plaintiff's filings.  As the Ninth Circuit appellate commissioner recently told Plaintiff on February 19, 2015: "Appellant's voluminous filings have burdened the limited resources of the court."  *Sepehry-Fard v. GreenPoint Mortg. Funding, Inc.*, No. 14-16264, Dkt. No. 20 (9th Cir. Feb. 19, 2015).  In addition, Plaintiff has now begun to turn his attention to the undersigned by bringing a baseless motion to recuse and application to hold the undersigned in civil contempt.  ECF Nos. 32, 37, 44.  The record demonstrates that Plaintiff has had more than his fair share of opportunities to plead his case in this district.  The Court will not allow its time and resources to be wasted any longer.

The third and fifth factors do not counsel a different result.  As Judge Orrick explained,

Case No.: 14-CV-05142-LHK
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS, DENYING PLAINTIFF'S MOTION TO RECUSE, AND DECLARING PLAINTIFF A VEXATIOUS LITIGANT

United States District Court
Northern District of California

"pro se litigants are not immune from a vexatious litigation finding." *Maxwell*, 2014 WL
4757429, at *7 (collecting cases).  Notwithstanding Plaintiff's status as a pro se litigant, the record
amply shows that his litigation has been frivolous and harassing.  Furthermore, the Court does not
believe that other sanctions would adequately protect the courts and prospective defendants.
Plaintiff has repeatedly flouted the rules and failed to follow instructions.  *See, e.g.*, *Sepehry-Fard
II*, 2014 WL 2707738, at *5 n.6 (Judge Freeman reminding Plaintiff, whose "twenty-seven page
'consolidated reply' is well in excess of the fifteen pages permitted by the local rules," that "*pro se*
parties are still bound by the Federal Rules as well as the applicable local rules"); *Sepehry-Fard v.
Aurora Bank FSB*, No. 5:12-CV-00871 EJD, 2012 WL 4392445, at *1 (N.D. Cal. Sept. 25, 2012)
(Judge Davila explaining that Plaintiff "add[ed] seven new causes of action" even though "[t]he
court advised Plaintiff that he may not add new claims or parties without first obtaining
Defendants' consent or leave of court pursuant to Federal Rule of Civil Procedure 15" (internal
quotation marks omitted)); *see also* No. 13-4535, ECF No. 148 at 1 (Judge Davila reprimanding
Plaintiff in an order denying reconsideration: "Plaintiff may not like the rule, but he cannot just
ignore it").  Plaintiff's failure to abide by the rules is not for want of experience.  *See Sepehry-
Fard II*, 2014 WL 2707738, at *5 (Judge Freeman explaining that Plaintiff is "a sophisticated *pro
se* litigant based upon the numerous federal court cases he has filed over the years").  In light of
Plaintiff's history of rule-breaking, increasingly hostile behavior, and relentless filing of frivolous
lawsuits and motions, the Court concludes that a narrowly tailored pre-filing order is the most
appropriate remedy in this instance.

### 4.  Narrowly Tailored Order

"Finally, pre-filing orders must be narrowly tailored to the vexatious litigant's wrongful
behavior." *Ringgold-Lockhart*, 761 F.3d at 1066 (internal quotation marks omitted).  "Narrowly
tailored orders are needed to prevent infringement on the litigator's right of access to the courts."
*De Long*, 912 F.2d at 1148 (internal quotation marks omitted).  A narrowly tailored order, thus,
should restrain the "plaintiff from filing only the type of claims [he] had been filing vexatiously."

20

Case No.: 14-CV-05142-LHK
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS, DENYING PLAINTIFF'S MOTION TO
RECUSE, AND DECLARING PLAINTIFF A VEXATIOUS LITIGANT

United States District Court
Northern District of California

1  *Ringgold-Lockhart*, 761 F.3d at 1066 (internal quotation marks omitted).

2         With these standards in mind, the Court holds that Plaintiff must submit for pre-filing

3  review any complaint filed in this district concerning the foreclosure on the Property.  *See*

4  *Maxwell*, 2014 WL 4757429, at *7 (holding that plaintiffs "must submit to pre-filing review any

5  complaint filed in this District which concerns the foreclosure on, or [their] eviction from, the

6  property").  The Clerk shall forward any such complaint submitted by Plaintiff to the general duty

7  judge.  *See Hettinga v. Loumena*, No. C-13-2217-RMW, 2014 WL 4955187, at *5 (N.D. Cal.

8  Sept. 30, 2014).  If that judge determines that the complaint is duplicative or frivolous, it will not

9  be filed and will be returned to Plaintiff.  If the complaint is neither duplicative nor frivolous, it

10  will be given to the Clerk with instructions to file it.

## III.   CONCLUSION

12         For the foregoing reasons, the Court hereby rules as follows:

13  •   The Court GRANTS Defendants' motions to dismiss without leave to amend;

14  •   The Court DENIES Plaintiff's motion to recuse;

15  •   The Court DENIES as moot Plaintiff's remaining motions; and

16  •   The Court DECLARES Plaintiff a vexatious litigant.

17         This order is not a bar to bringing lawsuits; it merely requires pre-filing review.

18  Accordingly, Fareed Sepehry-Fard must obtain leave before filing any action in the United States

19  District Court for the Northern District of California related to the foreclosure on his property

20  located at 18314 Baylor Avenue, Saratoga, California 95070.  The Clerk shall forward any such

21  complaint submitted by Plaintiff to the general duty judge for pre-filing review.  This order

22  extends to actions originally brought in state court and removed to this district, and to adversary

23  proceedings in this district's bankruptcy court.  Any violation of this order will expose Plaintiff to

24  a contempt hearing and appropriate sanctions, and any action filed in violation of this order will be

25  subject to dismissal.

26         The Clerk shall close the case file.

27                                                    21

28  Case No.: 14-CV-05142-LHK
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS, DENYING PLAINTIFF'S MOTION TO
RECUSE, AND DECLARING PLAINTIFF A VEXATIOUS LITIGANT

United States District Court
Northern District of California

**IT IS SO ORDERED.**

Dated: March 10, 2015

_____
LUCY H. KOH
United States District Judge

Case No.: 14-CV-05142-LHK
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS, DENYING PLAINTIFF'S MOTION TO
RECUSE, AND DECLARING PLAINTIFF A VEXATIOUS LITIGANT