UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FAREED SEPEHRY-FARD,<br><br>            Plaintiff,<br><br>      v.<br><br>SELECT PORTFOLIO SERVICING, INC., et al.,<br><br>            Defendants. | Case No. 14-CV-05142-LHK<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR CONTEMPT; DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT, PLAINTIFF'S MOTION TO STRIKE, PLAINTIFF'S MOTION TO RECUSE, AND PLAINTIFF'S MOTION FOR THE COURT TO CONFIRM JURSIDICTION**<br><br>Re: Dkt. No. 61, 65, 66, 67, 75 |

On March 10, 2015, this Court declared Plaintiff Fareed Sepehry-Fard ("Plaintiff") a vexatious litigant and imposed a pre-filing review requirement on Plaintiff for any action brought regarding the foreclosure of the property located at 18314 Baylor Avenue, Saratoga, California 95070. *Sepehry-Fard v. Select Portfolio Servicing, Inc.*, 2015 WL 1063070 (N.D. Cal. Mar. 10, 2015), ECF No. 58 ("Vexatious Litigant Order"). The Court also dismissed Plaintiff's claims with prejudice and denied Plaintiff's motion to recuse the undersigned. *Id.* The Clerk then closed the case file.

Defendants Countrywide Home Loans, Inc. ("Countrywide") and Recontrust Company,

United States District Court
Northern District of California

1    N.A. ("Recontrust") now move to hold Plaintiff in contempt for violating the Vexatious Litigant

2    Order.  ECF No. 61.  In response, Plaintiff has filed four motions: (1) a motion for relief from

3    judgment pursuant to Federal Rule of Civil Procedure 60; (2) a motion to strike the motion for

4    contempt; (3) a motion to recuse; and (4) a motion for the Court to "confirm jurisdiction and to

5    confirm jurisdiction over alleged defendants."  ECF Nos. 65, 66, 67, 75.  Having considered the

6    parties' briefing, the relevant law, and the record in this case, the Court hereby GRANTS

7    Countrywide's and Recontrust's motion for contempt, and DENIES Plaintiff's four motions.

8    **I.      BACKGROUND**

9       **A.  Factual Background**

10        A full recitation of the facts of this case and Plaintiff's litigation history is set out in the

11   Vexatious Litigant Order.  Therefore, the facts and procedural history are recounted here only to

12   the extent necessary.

13        In September 2005, Plaintiff refinanced the real property at 18314 Baylor Avenue,

14   Saratoga, California 95070 (the "Property") with two mortgage loans (the "Notes").  *See*

15   Vexatious Litigant Order at 2.  The deeds of trusts recorded on September 26, 2005 identify

16   Countrywide as the "lender," Recontrust as the "Trustee," and Mortgage Electronic Registration

17   Systems, Inc. ("MERS") as the "beneficiary."  *Id.*  Thereafter, MERS recorded assignments

18   whereby The Bank of New York Mellon fka The Bank of New York, as Trustee for the

19   Certificateholders CWALT, Inc. Alternative Loan Trust 2005-62 Mortgage Pass-Through

20   Certificates, Series 2005-62 ("BONY") became the beneficiary of the Notes.  *Id.* at 3.

21        Eventually, Plaintiff paid off one loan, and a full reconveyance was recorded on September

22   25, 2012.  *Id.*  Plaintiff, however, fell behind on repaying the other loan.  *Id.*  As a result, a notice

23   of default was recorded on February 18, 2010.  That notice was rescinded on July 22, 2010.  *Id.*  It

24   appears that no foreclosure ever took place, and Plaintiff is preparing to close on a sale of the

25   Property.  *See* ECF No. 76, Countrywide's and Recontrust's Supplemental Declaration ("Defs.

26   Supp. Decl."), Ex. E.

27                                                2

**B.  The Instant Litigation**

On November 20, 2014, Plaintiff, proceeding pro se, filed this case against Countrywide and Recontrust, in addition to Defendants Select Portfolio Servicing, Inc. ("SPS"), MERS, and BONY (collectively, "Defendants").  ECF No. 1.  The gravamen of Plaintiff's 122-page complaint (over 600 pages including exhibits), liberally construed, is that Defendants illegally threatened to foreclose on the Property.

This case constituted Plaintiff's eighth foreclosure-related lawsuit and Plaintiff's fourth attempt to stop foreclosure on the Property.  *See Sepehry-Fard v. Select Portfolio Servicing, Inc. et al.*, No. 14-CV-05142-LHK (N.D. Cal.); *Sepehry-Fard v. Nationstar Mortg. LLC et al.*, No. 14-CV-03218-LHK (N.D. Cal.); *Sepehry-Fard v. Countrywide Home Loans, Inc. et al.*, No. 13-CV-05769-BLF (N.D. Cal.); *Sepehry-Fard v. GreenPoint Mortg. Funding, Inc. et al.*, No. 13-CV-04535-EJD (N.D. Cal.); *Sepehry-Fard v. Bank of N.Y. Mellon et al.*, No. 12-CV-01260-LHK (N.D. Cal.); *Sepehry-Fard v. Aurora Bank FSB et al.*, No. 12-CV-0871-EJD (N.D. Cal.); *Sepehry-Fard v. Bank of N.Y. Mellon et al.*, No. 1-11-CV-210028 (Cal. Super. Ct.); *Sepehry-Fard v. Aurora Bank FSB et al.*, No. 1-11-CV-209804 (Cal. Super. Ct.).[1]  Plaintiff's four other foreclosure-related lawsuits involve Plaintiff's other property located at 12309 Saratoga Creek Drive, Saratoga, California 95070.  Plaintiff's lawsuits surrounding that property raise claims and theories of liability virtually identical to those that Plaintiff has raised with respect to the Property. Plaintiff has not prevailed in any of these eight lawsuits.

In the instant case, the Court granted Defendants' motion to dismiss with prejudice on March 10, 2015.  *See* Vexatious Litigant Order at 7–10.  The Court concluded that Plaintiff's claims were barred by res judicata because Plaintiff could have—and did—bring claims in his

---

[1] In addition to these eight, Plaintiff has filed three other federal lawsuits in this district: *Sepehry-Fard v. Oregon*, No. 14-CV-02444-EJD (N.D. Cal.) (suit to void a criminal conviction); *Sepehry-Fard v. Dep't Stores Nat'l Bank et al.*, No. 13-CV-03131-WHO (N.D. Cal.) (suit against debt collectors); *Sepehry-Fard v. Mercedes-Benz Fin. Servs.*, No. 13-CV-02784-BLF (N.D. Cal.) (suit against collector on automobile loan).

Case No. 14-CV-05142-LHK
ORDER GRANTING DEFENDANTS' MOTION FOR CONTEMPT; DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT, PLAINTIFF'S MOTION TO STRIKE, PLAINTIFF'S MOTION TO RECUSE, AND PLAINTIFF'S MOTION FOR THE COURT TO CONFIRM JURSIDICTION

prior federal lawsuits based on the same allegations regarding the alleged illegal foreclosure of the Property. *Id.*

In the same order, the Court denied a motion by Plaintiff to recuse the undersigned. The Court noted that the Court "has gone to great lengths to ensure that Plaintiff, as a pro se litigant, has been afforded due process. The Court has liberally construed Plaintiff's complaints, referred him to self-help legal services, and granted him leave to amend where appropriate." *Id.* at 11. The Court concluded that "Plaintiff provides no basis for a reasonable observer to find that the undersigned has displayed any bias or prejudice stemming from an extrajudicial source." *Id.*

Lastly, the Court declared Plaintiff a vexatious litigant. First, the Court explained that Plaintiff was on notice that he may be declared a vexatious litigant and was able to oppose the declaration. *Id.* at 13. Second, the Court exhaustively detailed Plaintiff's eight foreclosure-related lawsuits regarding Plaintiff's two properties, and concluded that all eight have all been "patently without merit." *Id.* at 3–5, 14–16. Third, in light of Plaintiff's history of filing meritless lawsuits and the "plethora of frivolous motions" filed in those lawsuits, the Court found that Plaintiff's litigation against Defendants has been frivolous and harassing. *Id.* at 16–18. The Court further determined that Plaintiff "without question" has "caused unnecessary expense to his opposing parties and has posed an unnecessary burden on the courts." *Id.* at 18 (alterations omitted). Finally, the Court found that "Plaintiff's erratic, hostile behavior towards Defendants only exacerbates the prejudice they have endured." *Id.*

Given "Plaintiff's history of rule-breaking, increasingly hostile behavior, and relentless filing of frivolous lawsuits and motions," the Court concluded that a narrowly tailored pre-filing requirement should be imposed on Plaintiff. *Id.* at *11. Accordingly, the Court ordered:

> Fareed Sepehry-Fard must obtain leave before filing any action in the United States District Court for the Northern District of California related to the foreclosure on his property located at 18314 Baylor Avenue, Saratoga, California 95070. The Clerk shall forward any such complaint submitted by Plaintiff to the general duty judge for pre-filing review. This order extends to actions originally brought in state court and removed to this district, and to adversary proceedings in this district's bankruptcy court. Any violation of this order will expose Plaintiff to a contempt

Case No. 14-CV-05142-LHK
ORDER GRANTING DEFENDANTS' MOTION FOR CONTEMPT; DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT, PLAINTIFF'S MOTION TO STRIKE, PLAINTIFF'S MOTION TO RECUSE, AND PLAINTIFF'S MOTION FOR THE COURT TO CONFIRM JURSIDICTION

United States District Court
Northern District of California

hearing and appropriate sanctions, and any action filed in violation of this order will be subject to dismissal.

*Id.* at \*12.

Plaintiff did not appeal the Court's dismissal of Plaintiff's claims or the Court's declaration that Plaintiff is a vexatious litigant.

### C. Alleged Violations of the Vexatious Litigant Order

Since the dismissal of the instant action, and apparently undeterred by the Vexatious Litigant Order, Plaintiff has filed numerous actions and motions related to the Property. Countrywide and Recontrust specifically highlight four actions against them, described below.

#### a. Plaintiff's Adversary Proceeding

On May 6, 2015, Plaintiff filed *Sepehry-Fard v. Select Portfolio Servicing, Inc.*, No. 15-05048 (Bankr. N.D. Cal. 2015), an adversary proceeding against SPS in the U.S. Bankruptcy Court for the Northern District of California.  ECF No. 62, Countrywide's and Recontrust's Request for Judicial Notice ("Defs. RJN"), Ex. 1.  On May 11, 2015, Plaintiff amended the complaint to name Countrywide and Recontrust as defendants.  *Id.* Ex. 2.  The adversary proceeding revolves around the validity of Countrywide's loan against the Property.

On August 5, 2015, the Bankruptcy Court dismissed the adversary proceeding because, in part, "it appears that [Plaintiff] violated the district court's vexatious litigant order by initiating this adversary case."  *Id.* Ex. 3.  Undeterred, Plaintiff filed a motion for reconsideration, which the Bankruptcy Court denied on November 4, 2015.  *Id.* Ex. 4.  In the November 4, 2015 order, the Bankruptcy Court again noted that Plaintiff "did not assert that he had complied with [the Vexatious Litigant Order's] prefiling requirement."  *Id.*  Still undeterred, on November 10, 2015, Plaintiff appealed the Bankruptcy Court's order of dismissal.  *Id.* Ex. 5.  The U.S. Bankruptcy Appellate Panel of the Ninth Circuit dismissed Plaintiff's appeal on July 29, 2016 because Plaintiff failed to pay the filing fees.  Defs. Supp. Decl. Ex. B.

#### b. Plaintiff's Motion to Set Aside the Judgment in *Sepehry-Fard II*

On February 19, 2016, Plaintiff moved to reopen and set aside the judgment in the federal

United States District Court
Northern District of California

Case No. 14-CV-05142-LHK
ORDER GRANTING DEFENDANTS' MOTION FOR CONTEMPT; DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT, PLAINTIFF'S MOTION TO STRIKE, PLAINTIFF'S MOTION TO RECUSE, AND PLAINTIFF'S MOTION FOR THE COURT TO CONFIRM JURSIDICTION

case *Sepehry-Fard v. Countrywide Home Loans, Inc. ("Sepehry-Fard II")*, No. 13-CV-05769-BLF (N.D. Cal). Defs. RJN Ex. 8. That case, which sought to quiet title to the Property, had been dismissed by U.S. District Court Judge Beth Labson Freeman for lack of subject matter jurisdiction almost two years prior, on June 13, 2014. *Id.* Ex. 7. In the motion to set aside the judgment, Plaintiff argued that the loan against the Property is void and Plaintiff owes no loans. In addition, on February 26, 2016, Plaintiff moved ex parte for a temporary injunction and restraining order barring the sale of the Property. No. 13-CV-05769, ECF No. 79.

Judge Freeman denied Plaintiff's motion for a temporary restraining order on March 4, 2016, and denied Plaintiff's motion to reopen the case and set aside the judgment on March 21, 2016. Defs. RJN Exs. 10, 11. On March 28, 2016, Plaintiff appealed Judge Freeman's orders to the Ninth Circuit. *Id.* Ex. 12. On June 9, 2016, the Ninth Circuit denied Plaintiff's application to appeal in forma pauperis because "the appeal is frivolous." Defs. Supp. Decl. Ex. C. On July 7, 2016, the Ninth Circuit dismissed the appeal because Plaintiff failed to pay the filing fees. *Id.* Ex. D. On August 1, 2016, the Ninth Circuit denied four motions filed by Plaintiff on the grounds that the appeal had been dismissed, and Plaintiff had failed to pay the filing fees. No. 13-CV-05769, ECF No. 104. The Ninth Circuit ordered that "[n]o further filings will be entertained in this closed case." *Id.*

### c. Motions in Plaintiff's Bankruptcy Proceeding

Plaintiff has attempted to litigate issues related to the Property in Plaintiff's bankruptcy proceeding, *In re Sepehry-Fard*, No. 16-50582 (Bankr. N.D. Cal. 2016). Specifically, on March 25, 2016, Plaintiff filed an ex parte motion in the bankruptcy case to compel SPS to modify Plaintiff's debt on the Property. Defs. RJN Ex. 14. On March 28, 2016, the Bankruptcy Court declined Plaintiff's motion to shorten time on the motion to compel because "it finds no basis to grant the relief requested" in the motion to compel. *Id.* Ex. 15. The next day, Plaintiff moved for reconsideration, *id.* Ex. 16, which the Bankruptcy Court denied on April 29, 2016, *id.* Ex. 17. At some point during the bankruptcy proceeding, Plaintiff also subpoenaed Countrywide and

Case No. 14-CV-05142-LHK
ORDER GRANTING DEFENDANTS' MOTION FOR CONTEMPT; DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT, PLAINTIFF'S MOTION TO STRIKE, PLAINTIFF'S MOTION TO RECUSE, AND PLAINTIFF'S MOTION FOR THE COURT TO CONFIRM JURSIDICTION

United States District Court
Northern District of California

1  Recontrust.

2      On May 12, 2016, Plaintiff appealed all Bankruptcy Court orders against him.  *Id.* Ex. 18.

3  On August 1, 2016, Plaintiff moved to dismiss all appeals.  Defs. Supp. Decl. Ex. E.  Pursuant to

4  Plaintiff's request, the Bankruptcy Appellate Panel dismissed Plaintiff's appeals.  *Id.* Ex. F.

5                     **d.  Plaintiff's New Federal Complaint**

6      On May 18, 2016, Plaintiff filed a complaint in federal district court related to the

7  Property.  *See Sepehry-Fard v. Select Portfolio Servicing, Inc.*, No. 16-MC-80112-EJD (N.D.

8  Cal.).  On May 23, 2016, U.S. District Judge Edward Davila reviewed the complaint pursuant to

9  the pre-filing review requirement in the Vexatious Litigant Order.  Defs. Supp. Decl. Ex. G.

10 Judge Davila found that the complaint was "related to the foreclosure of the Baylor Avenue

11 Property," as well as "duplicative of prior litigation instituted by Plaintiff and frivolous."  *Id.*

12 Accordingly, Judge Davila denied Plaintiff leave to file the complaint.  *Id.*

13     On June 14, 2016, Judge Davila denied Plaintiff's "Administrative Motion to Vacate Void

14 Order."  No. 16-MC-80112, ECF No. 6.  Judge Davila also denied Plaintiff's motion to recuse.  *Id.*

15 On June 22, 2016, Plaintiff appealed Judge Davila's June 14, 2016 order.  No. 16-MC-80112, ECF

16 No. 8.  The appeal remains pending before the Ninth Circuit.

17   **D.  The Instant Motions**

18     On May 18, 2016, Countrywide and Recontrust moved to hold Plaintiff in contempt for

19 violation of the Vexatious Litigant Order, ECF No. 61, and filed a request for judicial notice, ECF

20 No. 62.  Rather than substantively oppose the motion for contempt, Plaintiff moved to strike the

21 motion on June 1, 2016.  ECF No. 66.  That same day, Plaintiff filed a motion for relief from

22 judgment under Federal Rule of Civil Procedure 60, ECF No. 65, as well as a motion to recuse the

23 undersigned for bias, ECF No. 67.  Plaintiff filed a request for judicial notice in support of the

24 three motions.  ECF No. 68.

25     On June 15, 2016, Countrywide and Recontrust opposed Plaintiff's three motions in an

26

27                                        7

28 ORDER GRANTING DEFENDANTS' MOTION FOR CONTEMPT; DENYING PLAINTIFF'S MOTION FOR
   RELIEF FROM JUDGMENT, PLAINTIFF'S MOTION TO STRIKE, PLAINTIFF'S MOTION TO RECUSE, AND
   PLAINTIFF'S MOTION FOR THE COURT TO CONFIRM JURSIDICTION

1    omnibus opposition.[2]  ECF No. 71.  MERS, SPS, and BONY joined the omnibus opposition on

2    June 20, 2016.  ECF No. 73.  Plaintiff replied on June 22, 2016.  ECF No. 74.

3         On June 24, 2016, Plaintiff filed an administrative motion to "confirm jurisdiction and to

4    confirm jurisdiction over alleged defendants."  ECF No. 75.  On August 5, 2016, Plaintiff filed a

5    "Notice of Judicial Corruption Reported to Senate Judicial Committee" alleging misconduct by

6    Ninth Circuit Court of Appeal Judges Richard Clifton and Paul Watford in a different case.  ECF

7    No. 77.  Also on August 5, 2016, Countrywide and Recontrust filed a supplemental declaration

8    with an update on the status of Plaintiff's various lawsuits.  ECF No. 76.

9    **II.    JUDICIAL NOTICE**

10        As a preliminary matter, the Court addresses the parties' requests for judicial notice.

11   Under Federal Rule of Evidence 201(b), the Court may take judicial notice of any fact that is "not

12   subject to reasonable dispute because it . . . can be accurately and readily determined from sources

13   whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  Proper subjects of

14   judicial notice include "court filings and other matters of public record."  *Reyn's Pasta Bella, LLC*

15   *v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).

16        Plaintiff requests judicial notice of the following documents: (1) a subpoena issued to the

17   undersigned by the Bankruptcy Court; (2) affidavits by Plaintiff and three additional people

18   alleging that the undersigned and Judge Davila are biased against Plaintiff; (3) a filing in

19   Plaintiff's bankruptcy proceeding; (4) loan documents related to the Property, including the Notes

20   and Plaintiff's payment history; (5) the docket in another case filed by Plaintiff; (6) court orders;

21   and (7) Plaintiff's "land patent as Quito Rancho."  ECF No. 68.  The Court DENIES judicial

22   notice of the four affidavits, as the facts within can not be "accurately and readily determined from

23

24   _____

[2] On June 22, 2016, Plaintiff moved to strike the opposition.  ECF No. 74.  Plaintiff argues that the opposition violates Civil Local Rule 7-5 because it is not accompanied by a declaration supporting the factual contentions therein.  However, Plaintiff fails to identify what factual contentions he challenges.  Moreover, the factual contentions in the opposition come from the record in this case or the judicially noticeable record.  Thus, the opposition does not violate Civil Local Rule 7-5 and Plaintiff's motion to strike is DENIED.

Case No. 14-CV-05142-LHK
ORDER GRANTING DEFENDANTS' MOTION FOR CONTEMPT; DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT, PLAINTIFF'S MOTION TO STRIKE, PLAINTIFF'S MOTION TO RECUSE, AND PLAINTIFF'S MOTION FOR THE COURT TO CONFIRM JURSIDICTION

United States District Court
Northern District of California

1    sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also City of*

2    *Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, 880 F. Supp. 2d 1045, 1060 (N.D. Cal. 2012)

3    (finding a declaration was not subject to judicial notice).  The Court also DENIES judicial notice

4    of the documents related to "Quito Rancho," as it is not clear from where these documents came,

5    and certain pages of the documents are not legible.  However, the Court GRANTS Plaintiff's

6    request for judicial notice in all other respects, as the other documents are matters of public record.

7        Countrywide and Recontrust request judicial notice of (1) complaints, motions, and notices

8    of appeal filed by Plaintiff; and (2) court orders and dockets in other cases filed by Plaintiff.  *See*

9    Defs. RJN.  Plaintiff does not oppose this request, and the Court finds these documents subject to

10   judicial notice.  *See Reyn's Pasta Bella*, 442 F.3d at 746 n.6 (holding that "court filings and other

11   matters of public record" are subject to judicial notice).  Accordingly, the Court GRANTS

12   Countrywide's and Recontrust's request for judicial notice.

13       In addition, the Court takes judicial notice of Exhibits A–G attached to Countrywide's and

14   Recontrust's supplemental declaration filed on August 5, 2016.  *See* Defs. Supp. Decl.  These

15   exhibits are recent court orders filed in Plaintiff's other cases, as well as a motion filed by Plaintiff

16   with the Bankruptcy Appellate Panel.  These exhibits are the proper subject of judicial notice.  *See*

17   *Reyn's Pasta Bella*, 442 F.3d at 746 n.6.

## III.    DISCUSSION

19       The Court first examines Plaintiff's motion for relief from judgment.  The Court then

20   considers Countrywide's and Recontrust's motion for contempt; Plaintiff's motion to recuse; and

21   lastly Plaintiff's motion to "confirm jurisdiction and to confirm jurisdiction over alleged

22   defendants."

### A.  Plaintiff's Motion for Relief from Judgment

24       Plaintiff moves pursuant to Federal Rule of Civil Procedure 60(b) for relief from the

25   Court's Vexatious Litigant Order.  ECF No. 65.  Under Rule 60(b), the Court may grant a motion

26   for relief from judgment only upon a showing of (1) mistake, inadvertence, surprise, or excusable

9

28   Case No. 14-CV-05142-LHK
ORDER GRANTING DEFENDANTS' MOTION FOR CONTEMPT; DENYING PLAINTIFF'S MOTION FOR
RELIEF FROM JUDGMENT, PLAINTIFF'S MOTION TO STRIKE, PLAINTIFF'S MOTION TO RECUSE, AND
PLAINTIFF'S MOTION FOR THE COURT TO CONFIRM JURSIDICTION

United States District Court
Northern District of California

1 | neglect; (2) newly discovered evidence which by due diligence could not have been discovered

2 | before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the

3 | judgment has been satisfied; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b); *Sch.*

4 | *Dist. 1J v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "[M]ere disagreement with a court's

5 | order does not provide a basis for reconsideration." *Durkee v. Ford Motor Co.*, 2015 WL

6 | 1156765, at *2 (N.D. Cal. Mar. 13, 2015) (citing *McDowell v. Calderon*, 197 F.3d 1253, 1256 (9th

7 | Cir. 1999)). Motions pursuant to Rule 60(b) "must be made within a reasonable time—and for

8 | reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of

9 | the proceeding." Fed. R. Civ. P. 60(c)(1).

10 |       Plaintiff moves for relief from judgment pursuant to subsections (1), (4), (5), and (6). ECF

11 | No. 65, at 8. However, because Plaintiff's motion was filed on June 1, 2016—more than a year

12 | after the March 10, 2015 Vexatious Litigant Order—Plaintiff may not seek relief under subsection

13 | (1). *See* Fed. R. Civ. P. 60(c)(1). Regardless, however, relief is not warranted under any

14 | subsection. Plaintiff does not show mistake, inadvertence, surprise, excusable neglect, satisfaction

15 | of the judgment, or voiding of the judgment. Nor does Plaintiff offer any new evidence or

16 | relevant legal authority that could not have been discovered with due diligence. Lastly, Plaintiff

17 | fails to present any other reason justifying relief, such as extraordinary circumstances. *See*

18 | *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (noting that "extraordinary circumstances" justify

19 | reopening a final judgment under Rule 60(b)(6)). Indeed, Plaintiff does not challenge the

20 | Vexatious Litigant Order's conclusion that Plaintiff's claims are barred by res judicata, or the

21 | Vexatious Litigant Order's finding that Plaintiff has repeatedly filed harassing, frivolous lawsuits

22 | related to the Property. Accordingly, the Court DENIES Plaintiff's motion for relief from

23 | judgment.

24 | **B. Countrywide's and Recontrust's Motion for Contempt**

25 |     **1.**    **Plaintiff's Motion to Strike Countrywide's and Recontrust's Motion for Contempt**

26 |

27 | 10

28 | ORDER GRANTING DEFENDANTS' MOTION FOR CONTEMPT; DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT, PLAINTIFF'S MOTION TO STRIKE, PLAINTIFF'S MOTION TO RECUSE, AND PLAINTIFF'S MOTION FOR THE COURT TO CONFIRM JURSIDICTION

United States District Court
Northern District of California

1    Plaintiff moves to strike Countrywide's and Recontrust's motion for contempt pursuant to

2    Federal Rule of Civil Procedure 12(f).  ECF No. 66.  Rule 12(f) provides that the Court "may

3    strike from *a pleading* an insufficient defense or any redundant, immaterial, impertinent, or

4    scandalous matter."  Fed. R. Civ. P. 12(f) (emphasis added).  The motion for contempt is not a

5    pleading.  *See* Fed. R. Civ. P. 7(a) (defining pleadings).  Thus, Rule 12(f)—which applies only to

6    "pleadings"—does not provide a basis for the Court to strike the motion for contempt.  *See Sidney-*

7    *Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983) ("Under the express language of

8    [Rule 12(f)], only pleadings are subject to motions to strike.").

9    Moreover, although the Court has inherent power to strike filings, the Court sees no reason

10   to strike the motion for contempt.  *See Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404

11   (9th Cir. 2010) (noting district courts have inherent power to strike a party's filings).

12   Countrywide's and Recontrust's motion for contempt was filed in compliance with the Court's

13   Civil Local Rules.  Plaintiff offers no reason why the motion should not be adjudicated on the

14   merits.  Accordingly, the Court DENIES Plaintiff's motion to strike the motion for contempt.

15       **2.    Merits of Countrywide's and Recontrust's Motion for Contempt**

16   Next, the Court considers Countrywide's and Recontrust's motion to hold Plaintiff in civil

17   contempt for violating the Vexatious Litigant Order.  ECF No. 61.

18   A district court has the inherent authority to enforce compliance with its orders through a

19   civil contempt proceeding.  *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821,

20   827–28 (1994).  Civil contempt consists of a party's disobedience to "a specific and definite court

21   order by failure to take all reasonable steps within the party's power to comply."  *Reno Air Racing*

22   *Ass'n v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006).  The contempt "need not be willful;

23   however, a person should not be held in contempt if his action appears to be based on a good faith

24   and reasonable interpretation of the court's order."  *Id.* (internal citations and quotation marks

25   omitted).  Substantial compliance also is a defense to civil contempt—"[i]f a violating party has

26   taken all reasonable steps to comply with the court order, technical or inadvertent violations of the

United States District Court
Northern District of California

11

1    order will not support a finding of civil contempt." *Gen. Signal Corp. v. Donallco, Inc.*, 787 F.2d

2    1376, 1379 (9th Cir. 1986) (internal quotation marks and citation omitted). Thus, the party

3    alleging civil contempt must demonstrate by clear and convincing evidence that (1) the contemnor

4    violated a court order, (2) the noncompliance was more than technical or de minimis, and (3) the

5    contemnor's conduct was not the product of a good faith or reasonable interpretation of the

6    violated order. *See United States v. Bright*, 596 F.3d 683, 694 (9th Cir. 2010); *Inst. of Cetacean*

7    *Research v. Sea Shepherd Conservation Society*, 774 F.3d 935, 945 (9th Cir. 2014).

8           Here, Countrywide and Recontrust assert that Plaintiff has violated the Vexatious Litigant

9    Order on multiple occasions. Plaintiff does not dispute that Plaintiff violated the Court's order,

10   but argues that the order is void. ECF No. 66. Among other reasons, Plaintiff contends that the

11   Property is "within the boundary of a Spanish or Mexican land grant" and the Property can not be

12   foreclosed upon unless the Court "continue[s] to declare war on REPUBLIC OF MEXICO,

13   without any jurisdiction, whatsoever." *Id.* at 13. The Court finds that Plaintiff has violated the

14   Court's Vexatious Litigant Order twice and that sanctions are warranted, as explained below.

15          First, Plaintiff's May 6, 2016 adversary proceeding clearly violates the Vexatious Litigant

16   Order. The order requires Plaintiff to "obtain leave before filing any action in the United States

17   District Court for the Northern District of California related to the foreclosure on [the Property]"

18   and specifically "extends to . . . adversary proceedings in this district's bankruptcy court." *See*

19   Vexatious Litigant Order at 21. In contravention of the Vexatious Litigant Order, on May 6, 2016,

20   Plaintiff filed an adversary proceeding regarding the foreclosure of the Property without seeking

21   pre-filing review. Defs. RJN Ex. 1. Indeed, the Bankruptcy Court dismissed Plaintiff's adversary

22   proceeding based, in part, on its finding that "it appears that [Plaintiff] violated the district court's

23   vexatious litigant order by initiating this adversary case." *See id.* Ex. 3. The Bankruptcy Court

24   later denied Plaintiff's motion for reconsideration, and again noted that Plaintiff "did not assert

25   that he had complied with [the Vexatious Litigant Order's] prefiling requirement." *Id.* Ex. 4.

26          Although the Bankruptcy Court twice informed Plaintiff that the adversary proceeding was

27                                                        12

28   ORDER GRANTING DEFENDANTS' MOTION FOR CONTEMPT; DENYING PLAINTIFF'S MOTION FOR
     RELIEF FROM JUDGMENT, PLAINTIFF'S MOTION TO STRIKE, PLAINTIFF'S MOTION TO RECUSE, AND
     PLAINTIFF'S MOTION FOR THE COURT TO CONFIRM JURSIDICTION

United States District Court
Northern District of California

1   in violation of this Court's Vexatious Litigant Order, Plaintiff continued to pursue the proceeding

2   by filing an appeal. *See id.* Exs. 3, 4 (Bankruptcy Court orders informing Plaintiff that the

3   adversary proceeding violates the vexatious litigant order); *id.* Ex. 5 (Plaintiff's notice of appeal).

4   In light of the Bankruptcy Court's repeated admonitions that Plaintiff was in violation of the

5   Vexatious Litigant Order, the Court finds that Plaintiff's disregard of the Vexatious Litigant Order

6   is willful and blatant.

7          As to the second violation of the Vexatious Litigant Order, on May 18, 2016, Plaintiff

8   attempted to file a complaint in federal district court related to the Property. Judge Davila found

9   that the complaint was barred by the Vexatious Litigant Order because the complaint was "both

10  duplicative of prior litigation instituted by Plaintiff and frivolous." Defs. Supp. Decl. Ex. G.

11  Upon Judge Davila's denial of Plaintiff's motion for reconsideration, Plaintiff appealed. No. 16-

12  MC-80112, ECF No. 8. Thus, similar to Plaintiff's adversary proceeding, Plaintiff continued to

13  pursue the litigation even after being expressly informed that Plaintiff was in violation of the

14  Vexatious Litigant Order. Plaintiff's persistent and willful violations of the Vexatious Litigant

15  Order continue Plaintiff's pattern of "repeatedly flout[ing] the rules" that this Court found in the

16  Vexatious Litigant Order. *See* Vexatious Litigant Order at 20 (describing Plaintiff's "history of

17  rule-breaking").

18         Countrywide and Recontrust contend that Plaintiff violated the Vexatious Litigant Order in

19  two additional cases. They first cite Plaintiff's February 19, 2016 attempt to set aside the nearly

20  two-year-old judgment in *Sepehry-Fard II*. However, filing a motion to set aside judgment does

21  not fall within the plain language of the Vexatious Litigant Order, which specifically imposes a

22  pre-filing review requirement on Plaintiff for new "action[s]" and "complaint[s]" arising out of the

23  foreclosure of the Property. Vexatious Litigant Order at 21. Plaintiff's motion to set aside the

24  *Sepehry-Fard II* judgment is neither a new action nor a complaint and thus does not fall within the

25  Vexatious Litigant Order. *See Inst. of Cetacean Research*, 774 F.3d at 945 (stating that contempt

26  consists of disobedience to a "specific and definite court order"). Nonetheless, the Court cautions

27                                                      13

28  ORDER GRANTING DEFENDANTS' MOTION FOR CONTEMPT; DENYING PLAINTIFF'S MOTION FOR
    RELIEF FROM JUDGMENT, PLAINTIFF'S MOTION TO STRIKE, PLAINTIFF'S MOTION TO RECUSE, AND
    PLAINTIFF'S MOTION FOR THE COURT TO CONFIRM JURSIDICTION

United States District Court
Northern District of California

United States District Court
Northern District of California

1    Plaintiff that another motion to set aside the judgment in any of the closed cases regarding the

2    foreclosure of the Property may result in the expansion of the Vexatious Litigant Order to require

3    pre-filing review of such motions.

4         Next, Countrywide and Recontrust contend that Plaintiff violated the Vexatious Litigant

5    Order by filing motions in Plaintiff's bankruptcy proceeding. ECF No. 61, at 8. However,

6    Countrywide and Recontrust offer no evidence that they were harmed by any motion filed in

7    Plaintiff's bankruptcy proceeding. Countrywide and Recontrust specifically describe only one

8    motion filed by Plaintiff in the bankruptcy proceeding. Defs. RJN Ex. 14. This motion was filed

9    against SPS, not Countrywide or Recontrust, and there is no indication that Countrywide or

10   Recontrust responded to the motion. *See id.* Further, although Countrywide and Recontrust state

11   that they were forced to file a motion to quash a subpoena filed by Plaintiff, Countrywide and

12   Recontrust do not describe the subpoena, the subpoena's relationship to the Property, or the

13   disposition of the motion. Thus, the Court concludes that motions filed in Plaintiff's bankruptcy

14   case do not warrant imposition of contempt sanctions. *See Castell v. Metro. Life Ins. Co.*, 2012

15   WL 986625, at *4 (N.D. Cal. Mar. 22, 2012) (declining to impose contempt sanctions when "[the

16   movant] has not demonstrated that he suffered any harm").

17        Viewing the record as a whole, the Court concludes that Plaintiff has willfully violated the

18   Vexatious Litigant Order by: (1) filing, pursuing, and appealing an adversary proceeding related to

19   the Property; and (2) filing, pursuing, and appealing a new complaint in federal court related to the

20   foreclosure of the Property. There is no indication that Plaintiff's actions were based on a

21   reasonable or good faith interpretation of the Vexatious Litigant Order. In fact, in the many filings

22   currently before the Court, Plaintiff does not dispute that Plaintiff failed to comply with the

23   Vexatious Litigant Order. *See* ECF Nos. 65, 66, 67, 74, 75, 77.

24        Plaintiff's only substantive response to the motion for contempt is that the Vexatious

25   Litigant Order is void. *See* ECF No. 66. However, Plaintiff never appealed the Vexatious Litigant

26   Order, and Plaintiff's current, untimely challenge to the validity of the Vexatious Litigant Order

27                                              14

28   Case No. 14-CV-05142-LHK
     ORDER GRANTING DEFENDANTS' MOTION FOR CONTEMPT; DENYING PLAINTIFF'S MOTION FOR
     RELIEF FROM JUDGMENT, PLAINTIFF'S MOTION TO STRIKE, PLAINTIFF'S MOTION TO RECUSE, AND
     PLAINTIFF'S MOTION FOR THE COURT TO CONFIRM JURSIDICTION

1    does not excuse Plaintiff's failure to comply with the order.  It is a "long-standing rule that a

2    contempt proceeding does not open to reconsideration the legal or factual basis of the order

3    alleged to have been disobeyed and thus become a retrial of the original controversy."  *United*

4    *States v. Rylander*, 460 U.S. 752, 756 (1983) (quoting *Maggio v. Zeitz*, 333 U.S. 56, 69 (1948)).

5    In addition, for the reasons discussed above, Plaintiff is not entitled to relief from the Vexatious

6    Litigant Order under Federal Rule of Civil Procedure Rule 60.  Thus, Plaintiff's disagreement with

7    the Vexatious Litigant Order does not excuse Plaintiff's repeated disregard of that order.

8         Given Plaintiff's willful violation of the Vexatious Litigant Order, and Plaintiff's lack of

9    legally viable bases for refusing to comply with the order, the Court finds Plaintiff in civil

10   contempt.  The Court thus must decide on an appropriate sanction.

11        "Sanctions for civil contempt may be imposed to coerce obedience to a court order, or to

12   compensate the party pursuing the contempt action for injuries resulting from the contemptuous

13   behavior, or both."  *Gen. Signal Corp.*, 787 F.2d at 1380.  "Compensatory awards are limited to

14   actual losses sustained as a result of the contumacy."  *Id.* (international quotation marks and

15   emphasis omitted).  Countrywide and Recontrust argue that they have suffered actual losses

16   because they were forced to file the present motion and forced to defend against Plaintiff's

17   improper lawsuits.  Countrywide and Recontrust seek the attorney's fees and costs that they

18   incurred defending against the suits filed in violation of the Vexatious Litigant Order.[3]  ECF No.

19   61.  Such fees and costs "are an appropriate component of a civil contempt award."  *In re Dyer*,

20   322 F.3d 1178, 1195 (9th Cir. 2003).  Accordingly, the Court will award sanctions in the amount

21   of reasonable attorney's fees and costs that Countrywide and Recontrust expended to litigate the

22   instant motion, as well as to defend against Plaintiff's adversary proceeding and appeal, and to

23   defend against Plaintiff's new federal court case.

24

25   [3] In the motion for contempt, Countrywide and Recontrust originally requested daily monetary
     sanctions until Plaintiff dismissed the appeal of any action filed in violation of the Vexatious
26   Litigant Order.  ECF No. 61, at 9.  Because the majority of Plaintiff's appeals have been resolved,
     Countrywide and Recontrust now seek only attorney's fees and costs.  ECF No. 76.

27                                                          15

28   Case No. 14-CV-05142-LHK
     ORDER GRANTING DEFENDANTS' MOTION FOR CONTEMPT; DENYING PLAINTIFF'S MOTION FOR
     RELIEF FROM JUDGMENT, PLAINTIFF'S MOTION TO STRIKE, PLAINTIFF'S MOTION TO RECUSE, AND
     PLAINTIFF'S MOTION FOR THE COURT TO CONFIRM JURSIDICTION

To support the request for attorney's fees and costs, on August 5, 2016, Countrywide and Recontrust submitted records of their attorney's time.  ECF No. 76.  However, Countrywide's and Recontrust's attorney fails to explain his educational background or practice experience and thus fails to justify the requested hourly rate of pay.  *See Carson v. Billings Police Dep't*, 470 F.3d 889, 891 (9th Cir. 2006) (noting that the party seeking attorney's fees bears the burden of demonstrating the reasonableness of the requested rates).  Within ten days after the date of this order, Countrywide and Recontrust shall submit a proposed order awarding reasonable attorney's fees and costs.  The proposed order shall be supported by an affidavit of counsel and any necessary documents supporting a narrow and reasonable request for attorney's fees and costs.  Within seven days after the submission of Countrywide and Recontrust, Plaintiff shall file any objection to the documentation of attorney's fees and costs.  Thereafter, the matter will be submitted without further oral argument.

## C. Plaintiff's Motion to Recuse

The Court next addresses Plaintiff's motion to recuse.  ECF No. 67.  Motions to recuse a judge from presiding in a given case fall under two statutory provisions:  28 U.S.C. § 144 and 28 U.S.C. § 455.  *See United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980).  Section 144, the provision cited by Plaintiff here, provides for recusal where a party files a timely and sufficient affidavit averring that the judge before whom the matter is pending has a personal bias or prejudice either against the party or in favor of an adverse party, and setting forth the facts and reasons for such belief.  28 U.S.C. § 144.  Under section 144, "the substantive standard is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned."  *Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008) (alteration and internal quotation marks omitted), *abrogated on other grounds by Simmons v. Himmelreich*, 136 S. Ct. 1843 (2016).  "A party may file only one such affidavit in any case."  28 U.S.C. § 144.

Plaintiff has already filed one motion in the instant case seeking to recuse the undersigned

16

United States District Court
Northern District of California

1    pursuant to § 144.[4]  ECF No. 32 (motion to recuse filed February 2, 2015).[5]  The Court denied

2    Plaintiff's motion on March 10, 2015 because "Plaintiff provides no basis for a reasonable

3    observer to find that the undersigned has displayed any bias or prejudice stemming from an

4    extrajudicial source."  ECF No. 58.  Now, over a year after that denial and the dismissal of

5    Plaintiff's claims, Plaintiff moves again to recuse the undersigned under § 144.  ECF No. 67.

6    Because Plaintiff may only move to recuse a judge under § 144 once per case, the instant motion

7    to recuse is procedurally improper.  *See* 28 U.S.C. § 144.

8         Further, Plaintiff fails to establish any basis to conclude that the Court's "impartiality

9    might reasonably be questioned."  *Pesnell*, 543 F.3d at 1043.  Plaintiff alleges vaguely that the

10   undersigned has engaged in forms of "misconduct . . . too many to list here" and asserts that the

11   undersigned has "stolen monies and properties from Plaintiff" with "financial partner" U.S.

12   District Judge Edward Davila.  ECF No. 67, at 1, 3.  Plaintiff's speculative assertions are

13   insufficient to justify recusal.  S*ee United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564,

14   566 (9th Cir. 1995) (holding that "conclusory allegations" are "insufficient to support a claim of

15   bias or prejudice such that recusal is required").  In addition, Plaintiff can not seek the

16   undersigned's recusal based on Court rulings with which Plaintiff disagrees.  *See United States v.*

17   *Studley*, 783 F.2d 934, 939 (9th Cir. 1986) ("[A] judge's prior adverse ruling is not sufficient

18   cause for recusal.").  Finally, Plaintiff's attempts to sue and subpoena the undersigned do not

19   provide a basis for recusal.  *Id.* at 940 ("A judge is not disqualified by a litigant's suit or

20   threatened suit against him.").  Accordingly, Plaintiff's motion to recuse is DENIED.

21

22   _____

23   [4] Plaintiff has made other allegations of judicial bias against the undersigned.  The undersigned
     has presided over two additional foreclosure-related lawsuits filed by Plaintiff.  In appealing the
     undersigned's order in one of those cases, Plaintiff also alleged that the undersigned was biased.

24   The Ninth Circuit expressly "reject[ed] as without merit [Plaintiff's] contentions concerning
     alleged judicial bias."  *Sepehry-Fard v. Bank of N.Y. Mellon, N.A.*, 588 Fed. App'x 685, 686 (9th

25   Cir. 2014).
     [5] Plaintiff filed an identical motion to recuse on February 4, 2015.  ECF No. 37.  In the Vexatious

26   Litigant Order, the Court treated the identical motions to recuse as one motion.  Vexatious Litigant
     Order at 6, 10–12.

27                                             17

28
     ORDER GRANTING DEFENDANTS' MOTION FOR CONTEMPT; DENYING PLAINTIFF'S MOTION FOR
     RELIEF FROM JUDGMENT, PLAINTIFF'S MOTION TO STRIKE, PLAINTIFF'S MOTION TO RECUSE, AND
     PLAINTIFF'S MOTION FOR THE COURT TO CONFIRM JURSIDICTION

United States District Court
Northern District of California

### D.  Plaintiff's Motion to Confirm Jurisdiction

Plaintiff has filed an administrative motion to "confirm jurisdiction and to confirm jurisdiction over alleged Defendants."  ECF No. 75.  This motion is frivolous.  The Court dismissed Plaintiff's claims on March 10, 2015, *see* ECF No. 58, and Plaintiff did not appeal. Because the case has already been dismissed, Plaintiff may not move to dismiss the case based on lack of jurisdiction.  Further, *Plaintiff* invoked the jurisdiction of this Court by choosing to file the complaint in this Court.  *See* ECF No. 1, ¶¶ 4–6, 8–11, 67 ("This court's jurisdiction is invoked as is found by reference at 28 USC § 1331. . . .).  The Court exercised federal question jurisdiction because Plaintiff brought causes of action pursuant to federal statutes, and exercised supplemental jurisdiction over Plaintiff's related state law causes of action.  *See* ECF No. 1 (Complaint), ¶ 11 (asserting claims under, for example, the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.*).  Accordingly, there was a clear basis for subject matter jurisdiction over the instant case.  *See* 28 U.S.C. §§ 1331, 1367.  In addition, Plaintiff lacks the power to decide whether this Court has jurisdiction.  *See* ECF No. 75, at 2 (Plaintiff claiming that "it will be considered tacit admission this Court lacks proper jurisdiction" if the Court does not confirm jurisdiction within 15 days).  Accordingly, the Court DENIES Plaintiff's motion to confirm jurisdiction.

### E.  Filing of Motions in This Case

This case was closed on March 10, 2015.  No appeal was filed, and the time to appeal passed over one year ago.  However, five motions were filed in May and June 2016.  *See* ECF Nos. 61, 65, 66, 67, 75.  The briefing and exhibits submitted for these five motions totaled over 1750 pages and, as discussed above, Plaintiff's four motions were meritless.  These voluminous, frivolous filings strain the limited resources of the Court.  Accordingly, it is hereby ORDERED that prior to filing any motion before the undersigned judge in this case, the moving party shall file an administrative motion seeking leave to do so.  Any such motion for leave shall be no more than three (3) pages and shall summarize the proposed motion.  No response to the administrative

United States District Court
Northern District of California

1  motion shall be filed.  If the Court grants leave to file the proposed motion, the moving party shall

2  do so in compliance with the Court's Civil Local Rules.  If leave is denied, then the proposed

3  motion can not be filed.

4  **IV.     CONCLUSION**

5         For the foregoing reasons, the Court hereby rules as follows:

6      • The Court DENIES Plaintiff's motion for relief from judgment under Federal Rule

7         of Civil Procedure 60;

8      • The Court DENIES Plaintiff's motion to strike the motion for contempt;

9      • The Court GRANTS Countrywide's and Recontrust's motion for contempt;

10     • The Court DENIES Plaintiff's motion to recuse the undersigned;

11     • The Court DENIES Plaintiff's motion to confirm jurisdiction; and

12     • The Court ORDERS that prior to filing any motion before the undersigned judge in

13        this case, the moving party shall file an administrative motion seeking leave to do

14        so.

15        Within ten days after the date of this order, Countrywide and Recontrust shall submit a

16  proposed order awarding reasonable attorney's fees and costs as described in Section III.B.2

17  above.  Within seven days after the submission of Countrywide and Recontrust, Plaintiff shall file

18  any objection to the documentation of attorney's fees and costs.  Thereafter, the matter will be

19  submitted without further oral argument.

20  **IT IS SO ORDERED.**

21

22  Dated: August 23, 2016

23                                             _Lucy H. Koh_
                                               _____

24                                             LUCY H. KOH
                                               United States District Judge

25

26

27                                             19

28  Case No. 14-CV-05142-LHK
    ORDER GRANTING DEFENDANTS' MOTION FOR CONTEMPT; DENYING PLAINTIFF'S MOTION FOR
    RELIEF FROM JUDGMENT, PLAINTIFF'S MOTION TO STRIKE, PLAINTIFF'S MOTION TO RECUSE, AND
    PLAINTIFF'S MOTION FOR THE COURT TO CONFIRM JURSIDICTION

United States District Court
Northern District of California