UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FAREED SEPEHRY-FARD,<br><br>    Plaintiff,<br><br>    v.<br><br>SELECT PORTFOLIO SERVICING, INC., et al.,<br><br>    Defendants. | Case No. 14-CV-05142-LHK<br><br>**ORDER AWARDING ATTORNEY'S FEES**<br><br>Re: Dkt. No. 85 |

On August 23, 2016, the Court granted Defendants Countrywide Home Loans, Inc. and Recontrust Co., N.A.'s (collectively, "Defendants") motion to hold Plaintiff Fareed Sepehry-Fard ("Plaintiff") in contempt.  ECF No. 80 ("Contempt Order").  The Court found that Plaintiff repeatedly and willfully violated the Court's March 10, 2015 order declaring Plaintiff a vexatious litigant and requiring pre-filing review for any action brought by Plaintiff in the Northern District of California regarding the foreclosure of the property located at 18314 Baylor Avenue, Saratoga, California 95070.  *See* ECF No. 58 ("Vexatious Litigant Order").

To compensate Defendants for Plaintiff's repeated violations of the Vexatious Litigant Order, the Court concluded that Defendants were entitled to the attorney's fees and costs incurred to litigate (1) the motion for contempt, (2) an adversary proceeding and appeal filed by Plaintiff in

U.S. Bankruptcy Court for the Northern District of California, and (3) a new federal court case filed in the U.S. District Court for the Northern District of California. Contempt Order at 15. The Court ordered Defendants to submit a proposed order "supported by an affidavit of counsel and any necessary documents supporting a narrow and reasonable request for attorney's fees and costs." *Id.* at 16. The Court also provided Plaintiff an opportunity to oppose Defendants' proposed order, and held that "the matter will be submitted without further oral argument." *Id.*

On September 2, 2016, Bernard Kornberg ("Kornberg") of Severson & Werson, P.C. ("Severson & Werson"), attorney for Defendants, filed a declaration and billing records seeking $19,983.35 in attorney's fees and costs. ECF No. 85 ("Kornberg Decl."). Specifically, Defendants seek $5,555.40 for litigating the motion for contempt, $7,683.80 for litigating the adversary proceeding, and $6,744.16 for litigating the appeal of the adversary proceeding. Defendants do not seek any fees or costs related to the new federal court case. Plaintiff filed an opposition to Defendants' requested attorney's fees and costs on September 9, 2016. ECF No. 86. The Court will first address Plaintiff's general objections to awarding Defendants attorney's fees, then consider the reasonableness of the fees requested.

**A. Plaintiff's Objections to an Award of Attorney's Fees**

Much of Plaintiff's opposition is nonresponsive to determining the amount of attorney's fees and costs to award Defendants. However, Plaintiff makes three arguments in which Plaintiff argues that Defendants are not entitled to any fees. The Court addresses Plaintiff's three arguments in turn.

First, Plaintiff contends that there is no proof Kornberg actually represents anyone in this case. However, Kornberg has declared under penalty of perjury that Kornberg is "employed by Severson & Werson, P.C., attorneys of record for [Defendants] in this action." Kornberg Decl. ¶ 3. In addition, Kornberg has filed a number of documents for Defendants in this case, including Defendants' May 18, 2016 motion to hold Plaintiff in contempt. ECF No. 61; *see also* ECF Nos. 71, 76, 85. The billing records submitted by Kornberg confirm Kornberg's work on this case for Defendants. *See* Kornberg Decl. Ex A. Accordingly, the Court is satisfied that Kornberg

represents Defendants.

Second, Plaintiff argues that the Court lacks jurisdiction to award attorney's fees because Plaintiff has appealed the Court's Contempt Order to the Ninth Circuit. However, this Court "retains the power to award attorney's fees after a notice of appeal from the decision on the merits has been filed." *U.S. ex rel. Shutt v. Cmty. Home & Health Care Servs., Inc.*, 550 F.3d 764, 766 (9th Cir. 2008). Further, this Court already determined, in the Contempt Order that Plaintiff now appeals, that Defendants are entitled to an award of attorney's fees. The Contempt Order explicitly stated that the Court would determine the amount of fees after further submissions by the parties. Contempt Order at 15–16. Accordingly, the Court has jurisdiction to determine the amount of attorney's fees to award Defendants.

Third, Plaintiff contends that Defendants' attorneys have been paid all monies to which they are entitled because some monies have been paid to unnamed attorneys as part of Plaintiff's bankruptcy proceedings. Plaintiff submits a "Payment History Report" in support of this claim. ECF No. 86 Ex. 7. While it is not entirely clear to the Court what the Payment History Report is, the document does not demonstrate that Plaintiff has already paid Defendants in accordance with this Court's Contempt Order. First, neither Defendants nor their attorneys Severson & Werson are listed in the Payment History Report. *See id.* Thus, the Payment History Report does not demonstrate that Defendants have been compensated as required by the Contempt Order. Second, the attorney's fees that Plaintiff owes as a result of the Contempt Order are to compensate Defendants for Plaintiff's repeated violations of this Court's Vexatious Litigant Order. This compensatory award is separate from amounts that Plaintiff may owe Defendants for other reasons. Third, the Court has not yet determined the amount that Plaintiff owes, so Plaintiff can not have already paid the amount owed.

Because the Court found in the Contempt Order that Defendants are entitled to fees, and Plaintiff makes no legally sufficient argument to deny fees, the Court turns to the amount of attorney's fees and costs to award.

### B. Attorney's Fees and Costs

Courts in the Ninth Circuit calculate attorney's fees using the lodestar method, whereby a court multiplies "the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (citation omitted). A party seeking attorney's fees bears the burden of demonstrating that the rates requested are "in line with the prevailing market rate of the relevant community." *Carson v. Billings Police Dep't*, 470 F.3d 889, 891 (9th Cir. 2006) (internal quotation marks omitted). Generally, "the relevant community is the forum in which the district court sits." *Camacho*, 523 F.3d at 979 (citing *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997)). Typically, "[a]ffidavits of the [party's] attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases . . . are satisfactory evidence of the prevailing market rate." *U. Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).

To support Defendants' request for attorney's fees and costs, Kornberg filed a declaration detailing the qualifications and rates for each individual at Severson & Werson who worked on the motion for contempt and Plaintiff's adversary proceeding and appeal. *See* Kornberg Decl. The declaration states that Kornberg has practiced law for nine years, has handled "dozens, if not hundreds" of cases in financial services, and seeks a rate of $273 per hour. *Id.* ¶¶ 8, 10. Defendants also seek $365 per hour for Robert Gandy ("RJG"), who has over ten years' legal experience; $405 per hour for Mark Kenney ("MJK"), who has over thirty years' legal experience; $405 an hour for Jan Chilton ("JTC"), who also has over thirty years' legal experience; and $130 per hour for Clair Rommel ("CHR"), Matthew Rizzie ("MBR"), and Rozie Firoozabadi ("RRF"), who are Severson & Werson paralegals. *Id.* ¶¶ 12–17. The declaration also provides citation to cases establishing the prevailing market rate for attorneys with similar experience.

Attached to Kornberg's declaration are itemized timesheets, which contain descriptions of each activity performed and identify time worked in increments of tenths of an hour. The timesheets show that to litigate the motion for contempt and Plaintiff's adversary proceeding and appeal, Kornberg worked 58.4 hours, RJG worked 0.9 hours, MJK worked 2.9 hours, JTC worked

3.4 hours, CHR worked 1.3 hours, MBR worked 2 hours, and RRF worked 1.2 hours. The timesheets also state that Defendants incurred $220.26 in costs.

Having reviewed Kornberg's declaration and attached timesheets, the Court finds that the above requested hourly rates are reasonable given the experience and specializations of the attorneys for whom they are sought. However, the Court notes that two individuals appear in the timesheets who are not discussed in Kornberg's declaration: "ANB," who worked 1 hour at $273, and "JOC," who worked 0.3 hours at $273. *See id.* Ex. A, at Attorney's Fees and Costs Incurred in Adversary Proceeding. The Kornberg declaration does not provide any information about these two individuals, including their names, their educational experience, or their legal background. *See* Kornberg Decl. Without such information, the Court is unable to determine the reasonableness of ANB's and JOC's requested rate and denies fees for ANB and JOC.

In addition, the Court finds that the number of hours sought were reasonably expended on the motion for contempt, the adversary proceeding, and appeal of the adversary proceeding, with two exceptions. First, as part of the attorney's fees and costs sought to litigate the motion for contempt, MBR spent 0.50 hours on March 7, 2016 to "draft[] the initial Case Management Form." Kornberg Decl. Ex. A. However, it is not clear how an initial case management form is related to the motion for contempt. The motion for contempt was filed after the underlying case had been closed and the case schedule terminated. *See* ECF No. 58 (closing case on March 10, 2015); ECF No. 61 (motion for contempt filed May 18, 2016). Further, no initial case management conference took place in the underlying case. Accordingly, the Court declines to award MBR these 0.50 hours.

Second, also as part of the attorney's fees and costs sought to litigate the motion for contempt, RJG seeks 0.50 hours for "Analysis of the temporary restraining order application, motion to reconsider, case status, and pending case." Kornberg Decl. Ex. A. However, no temporary restraining order was requested by Defendants as part of the motion to contempt, nor by Plaintiff in response to the motion for contempt. Thus, it appears that this time entry relates to a different proceeding. Accordingly, the Court declines to award RJG these 0.50 hours.

5
Case No.14-CV-05142-LHK
ORDER AWARDING ATTORNEY'S FEES

1    The Court notes that Plaintiff objects to 0.30 hours sought by Kornberg to "Review[] reply
2    to motion for contempt of court" on June 22, 2016.  The timesheets list this entry as part of the
3    attorneys' fees and costs incurred to litigate against the appeal of Plaintiff's adversary proceeding.
4    *See* Kornberg Decl. Ex. A.  As Plaintiff points out, however, no motion for contempt was filed in
5    the appeal of the adversary proceeding.  *See* ECF No. 86 Ex. 9 (docket of bankruptcy appeal).
6    Nonetheless, the Court finds that Kornberg's entry is clearly directed toward the motion for
7    contempt filed in the instant case, and erroneously represented on the wrong list of hours in
8    Kornberg's declaration.  First, Plaintiff filed a reply related to the motion for contempt in the
9    instant case on June 22, 2016.  ECF No. 74.  Thus, the date of Kornberg's time entry corresponds
10   to the motion for contempt briefing in the instant case.  Second, Kornberg does not list any time
11   entries to review Plaintiff's reply as part of the attorney's fees and costs incurred to litigate the
12   motion for contempt.  *See* Kornberg Decl. Ex. A.  Thus, the Court concludes that the 0.30 hours
13   sought to "Review[] reply to motion for contempt of court" were properly incurred in litigating the
14   motion for contempt.

15   Lastly, the Court declines to award Defendants the $220.26 in requested litigation costs.
16   These costs are neither itemized nor supported by documentation showing that the costs were
17   actually incurred.  *See* Kornberg Decl. Ex. A; *see also* Civ. L.R. 54-1 (noting that costs must be
18   "correctly stated," "necessarily incurred," and "allowable by law").  Moreover, Kornberg's
19   declaration does not explain for what the costs were incurred.  Consequently, the Court has no
20   basis to conclude that the $220.26 costs were reasonable.

21   In sum, the Court excludes 1 hour by ANB, 0.30 hours by JOC, 0.50 hours by MBR, and
22   0.50 hours by RJG, as well as $220.26 in litigation costs.  The Court finds that the remaining
23   hours billed are reasonable in light of the work required to litigate the motion for contempt and the
24   adversary proceeding and appeal, especially in the face of Plaintiff's repeated frivolous filings.
25   *See* Contempt Order at 18 (finding that Plaintiff's four motions filed in response to the motion for
26   contempt were meritless).  Accordingly, the Court awards Defendants 58.4 hours at $273 per hour
27   for Kornberg, 0.4 hours at $365 per hour for RJG, 2.9 hours at $405 per hour for MJK, 3.4 hours

at $405 per hour for JTC, 1.3 hours at $130 per hour for CHR, 1.5 hours at $130 per hour for MBR, and 1.2 hours at $130 per hour for RRF.  This equals $19,160.70.

### C. Conclusion

For the foregoing reasons, the Court ORDERS that Plaintiff, within thirty (30) days of entry of this order, pay Defendants $19,160.70.  Pursuant to Defendants' request, payment shall be made by check or certified funds, made out to "Severson & Werson, P.C.," and delivered to Defendants' counsel at Severson & Werson, P.C., c/o Bernard J. Kornberg, One Embarcadero Center, Suite 2600, San Francisco, CA 94111.

**IT IS SO ORDERED.**

Dated: September 13, 2016

*Lucy H. Koh*
LUCY H. KOH
United States District Judge